### THOMPSON *v.* RAILROAD COMPANIES.

1. Though usually where a case is not cognizable in a court of equity the objection must be interposed in the first instance, yet if a plain defect of jurisdiction appears at the hearing or on appeal, such court will not make a decree.

2. Though State legislatures may abolish, in State courts, the distinction between actions at law and actions in equity, by enacting that there shall be but one form of action, which shall be called "a civil action," yet the distinction between the two sorts of proceedings cannot be thereby obliterated in the Federal courts.

   Hence if the civil action brought in the State courts is essentially, as hitherto understood, a suit at common law, the common law form and not an equitable one must be pursued if the case is removed into a Federal court.

3. Nor does the fact that by statute in the State courts "the real parties in interest" must bring the suit, whereas in the Federal courts, in a common law suit, such as was presented in the civil action brought in the State courts, one party would sue to the use of another, change this rule. A plaintiff in the State court may remain plaintiff on the record in a Federal court, and prosecute his suit in that court as he is authorized by State laws to prosecute it in the State courts.

APPEAL from the Circuit Court for the Southern District of Ohio.

The case was this: The code of civil procedure of Ohio provides that every action must be prosecuted "*in the name of the real party in interest,*" &c.; and "that the distinction between actions at law and suits in equity, and the *forms* of all such actions and suits heretofore existing, are *abolished;* and in their place there shall be, hereafter, *but one form of action, which shall be called a civil action.*"

With this provision of the code in force, the Central Ohio and another railroad company agreed to transport over their road, for one Thompson, a quantity of horses and mules, stipulating for payment in a certain mode, to which Thompson assented. In conformity with this agreement (the service having been performed), drafts were drawn on Thompson, which he neglected or refused to pay. These drafts, for convenience of collection, were drawn payable to the order of a certain D. Robinson, cashier; Robinson having, however, no interest in the proceeds. To enforce the collection, what is termed as above mentioned, by the code in Ohio, a civil action, was instituted in one of the courts of the State, against Thompson, in the name of the railroad companies. The petition (used in lieu of a declaration), stated the original indebtedness from Thompson for freight, the giving of the drafts, their protest for non-acceptance or non-payment, and after averring that the plaintiffs were compelled to take them up, asked for judgment against the defendant for principal and interest. Thompson being a citizen of Kentucky removed the cause to the Federal court. When it reached there, by leave of the court, a bill in equity (setting up the same cause of action) was substituted for the petition originally filed in the State court, and the suit went on as a cause in chancery. The Circuit Court rendered a decree in favor of the complainants for the amount of the drafts, with interest. From this decree the defendants appealed, assigning as the chief ground of error that the complainants had a plain and adequate remedy at law, which they had in fact

pursued in the State court, and which they ought to have followed out in the Federal court.

*Messrs. Carlisle and McPherson, for the appellants, and in support of that view.*

*Mr. H. H. Hunter, contra, for the Railroad Companies, appellees :*

1. Where a case is supposed to be not cognizable in a court of equity, the objection should be interposed in the first instance. After the suit has been regularly heard below upon its merits, the objection comes too late.

2. But had the complainant adequate and plain remedy at law? The case was commenced in the State court, and from a legal necessity, in the names of the complainants as plaintiffs. They were " the real parties in interest " in the drafts, and they were exclusively interested in them. Being thus, necessarily, the plaintiffs in the case in the State court, they also, from legal necessity, remained plaintiffs in the Circuit Court after the removal of the case.

It is incontrovertible that the legal title of the drafts was in the payee, Robinson, and equally certain that the complainants were the equitable owners of them. Hence no action at law could be sustained on them in the names of the complainants, but only in the name of Robinson. By the practice of courts in general, the complainants, being the equitable owners, had the right to sue, at law, in the name of Robinson. But, by the Ohio code such mode of suit is expressly forbidden.

The cause of action on which the relief is prayed are the drafts specifically. To enforce the collection of *them*, the suit or civil action was originally brought. The suit is not on the contract, which, though referred to, is referred to only as an inducement and to disclose the equity of the complainants to the drafts.

Mr. Justice DAVIS delivered the opinion of the court.

Has a court of equity jurisdiction over such a case as is presented by this record? If it has not, the decree of the

court below must be reversed, the bill dismissed, and the parties remitted to the court below to litigate their controversies in a court of law. Usually, where a case is not cognizable in a court of equity, the objection is interposed in the first instance, but if a plain defect of jurisdiction appears at the hearing, or on appeal, a court of equity will not make a decree.*

The Constitution of the United States and the acts of Congress, recognize and establish the distinction between law and equity. The remedies in the courts of the United States are, at common law or in equity, not according to the practice of State courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles.† "And although the forms of proceedings and practice in the State courts shall have been adopted in the Circuit Courts of the United States, yet the adoption of the State practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit."‡

This case does not present a single element for equitable jurisdiction and relief.

The suit brought in the State court was nothing but an ordinary action at law. When it was removed to the Federal court a bill in equity (alleging the same cause of complaint) was substituted, by leave of the court, for the petition originally filed in the State court, and the suit progressed as a cause in chancery. Thus, an action at law, which sought solely to recover damages for a breach of contract, was transmuted into a suit in equity, and the defendant deprived of the constitutional privilege of trial by jury. The absence of a plain and adequate remedy at law, is the only test of equity jurisdiction, and it is manifest that a resort to a court of chancery was not necessary, in order to enable the railroad companies to collect their debt.

---

* Penn *v.* Lord Baltimore, 1 Vesey, 446.

† Robinson *v.* Campbell, 3 Wheaton, 212.

‡ Bennett *v.* Butterworth, 11 Howard, 674

Whether their proper course was to sue upon the contract, or upon the drafts, or upon both together, the remedy at law was complete.

If the remedy at law was adequate in the State court, why the necessity of going into a court of equity, when the jurisdiction was transferred to a Federal tribunal? The reason given is, because in Ohio the real parties in interest must bring the suit, and as the nominal legal title in the drafts was in the payee, Robinson, the railroad companies (after the transfer) could not proceed at law, and continue plaintiffs on the record, and were, therefore, obliged to change the case from an action at law into a suit in equity. If this position were sound, it would allow a Federal court of equity to entertain a purely legal action, transferred from the State court, on the mere ground, if it were not done, the plaintiff would have to commence a new proceeding. It surely does not need argument or authority to show, that the jurisdiction of a Federal court is not to be determined by any such consideration.

But there was no necessity for a change from law to equity after the suit was transferred.

The railroad companies mistook the course of proceeding in courts of the United States in actions at law, in suits brought up from State courts. In this case, as the action was a purely legal one, if they could have maintained it in their names in the State court, they had an equal right to maintain it in their names when it arrived in the Federal court.

In actions at law the courts of the United States may proceed according to the forms of practice in the State courts, and in such actions they administer the rules of evidence as they find them administered in the State courts. There was, therefore, no difficulty whatever in the plaintiffs in the State court remaining plaintiffs on the record, and prosecuting their suit in the same manner they were authorized to prosecute it by the laws of the State. If, in Ohio, the drafts could have been received in evidence in a State court, in a suit brought by the railroad companies against Thompson,

then, on the transfer of the suit to the Federal court, and trial had there, they would have been equally receivable in evidence.   The law of Ohio directs that all suits be brought in the name of the real party in interest.   This constitutes a title to sue, when the suit is brought in the State court, in conformity with it; and in all cases transferred from the State to the Federal court, under the 12th section of the Judiciary Act, this title will be recognized and preserved; and when a declaration is required by the rules of the Circuit Court, it may be filed in the name of the party who was the plaintiff in the State court.

DECREE REVERSED and the cause remanded, with directions to dismiss the bill without prejudice, and to proceed in conformity with this opinion.

Mr. Justice SWAYNE did not sit in this case, being a stockholder in one of the corporations.