VAN NORDEN v. MORTON.

Whenever a statute grants a new right, or a new remedy for the violation of an old right, or whenever such rights and remedies are dependent on State statutes or on acts of Congress, the jurisdiction, as between the law side and the equity side of the Federal courts, must be determined by the essential character of the case. Unless it comes within some of the recognized heads of equitable jurisdiction, the remedy of the party is at law.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Thomas J. Durant* for the appellant.
*Mr. John A. Campbell, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The complainant filed his bill addressed to the Circuit Court sitting in chancery, alleging that he is the owner of dredge-boat No. 3, lying in the river at New Orleans; that Morton, Bliss, & Co. having obtained a judgment in the same court against the Mississippi and Mexican Gulf Ship Canal Company for over $24,000, had issued an execution on said judgment, under which the marshal had seized dredge-boat No. 3, and had advertised to sell it to satisfy the writ; that he, and not the Ship Canal Company, is the owner of the boat; that it is not liable to be taken on said execution; that the seizure has already subjected him to a loss of $5,000, and that his continued deprivation of its use will cause him much greater loss. He prays for process, that the judgment plaintiffs and Packard, the marshal, be made defendants, and enjoined from interfering with him in the possession of the boat; that he be quieted and maintained in his title and possession, and defendants decreed to pay him $5,000 aforesaid as damages. A temporary injunction was granted. Answers and a replication thereto were filed, depositions and other testimony taken. On hearing, the court dissolved the injunction and dismissed the bill.

The first question we are called to consider is, whether the Circuit Court had jurisdiction of this suit in equity.

If the case had arisen in any State where separate jurisdic-

tion at common law and in equity was fully recognized, there could be no difficulty in answering this question in the negative.

The remedy in all times for this trespass, which is a very common one, has been by an action of replevin to take the property out of the hands of the sheriff or marshal and return it to the owner, or to leave the officer to proceed with the sale of the property and sue him or the purchaser in trespass for *its* value and for any incidental damage. In the one case the party whose property was wrongfully seized recovered possession of it. In the other he recovered compensation for its loss. No case has been cited to us — we presume none can be found — where equity has interfered under such circumstances. *Watson* v. *Sutherland* (5 Wall. 74) is cited by the appellant. In that case, Sutherland, the party whose goods were seized, was engaged in a successful dry-goods trade. The seizure was of all his goods, and it closed his store, and if continued would have broken up a profitable business. For this the court held that the action at law for damages could have given no adequate remedy. The equitable jurisdiction, as will be seen by an examination of the opinion of the court, rested solely on that consideration. The case, as it was, is a very close one, and its main feature is absent in the one before us. There is no reason to believe that the value of the dredge-boat would not be adequate compensation for its loss, and no such allegation is made in the bill. On the contrary, the complainant claims $5,000 damages for the loss of its use while held by the marshal.

It is said, however, that the code of Louisiana does not give an action of replevin in any case, or its equivalent, and that it does give a specific remedy for cases of this class, which, in its nature, is of an equitable character, and should be administered in the Federal courts on the equity side of the calendar.

If the first proposition were true, there would still remain an adequate remedy by an action at law for damages. But while it is true that the Louisiana code provides no process by which, in advance of a judgment as to the right of the parties, personal property can be taken from the possession of one party and delivered to the other, it does provide the remedy of sequestration, by which the possession of the property which is the subject of the litigation may be taken by order of the court and held until

the right is decided.    See Sequestration, Code of Practice, art. 269–283.    Under these articles we see no reason why the complainant might not have brought suit and recovered the ultimate possession of his boat and damages for its detention.

The special provision for such cases as the present is found in art. 298, par. 7, of the same Code of Practice.    The whole of sect. 5 is devoted to injunctions, and a careful reading of all the subdivisions shows that the word is used as applicable to cases which are in their nature of a common-law character, and that it is used as synonymous and interchangeably with prohibition.    It is also authorized in some cases which with us would be undoubtedly of chancery cognizance.

We think the rule is settled in this court that whenever a new right is granted by statute, or a new remedy for violation of an old right, or whenever such rights and remedies are dependent on State statutes or acts of Congress, the jurisdiction of such cases, as between the law side and the equity side of the Federal courts, must be determined by the essential character of the case, and unless it comes within some of the recognized heads of equitable jurisdiction it must be held to belong to the other.

The case of *Thompson* v. *Railroad Companies* (6 Wall. 134) had been removed from the State court into the Circuit Court of the United States.    In the latter a bill in chancery was filed and a decree rendered in favor of the complainant.    On appeal, this court held that the case had no feature of equitable cognizance, and ordered it to be dismissed without prejudice.    It was conceded that if the case had remained in the State court the plaintiff could have recovered.

The court said : " The remedies in the courts of the United States are, at common law or in equity, not according to the practice of the State courts, but according to the principles of common law and equity, as distinguished and defined in that country from which we derive our knowledge of these principles.    And although the forms of proceedings and practice in the State courts shall have been adopted in the circuit courts of the United States, yet the adoption of the State practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be

blended together in one suit," citing *Robinson* v. *Campbell* (3 Wheat. 212) and *Bennett* v. *Butterworth* (11 How. 669), to which we take leave to add *Jones et al.* v. *McMasters* (20 id. 8) and *Basey* v. *Gallagher* (20 Wall. 680).

With this criterion before us, we are of opinion that the remedy provided by the Code of Practice of Louisiana is a simple application to the court from which the writ issued to remedy the evil of an erroneous levy of the execution. It says: " The injunction must be granted and directed against the defendant himself, in the following cases : . . .

" When the sheriff, in the execution of a judgment, has seized property not belonging to the defendant, and insists on selling the same, disregarding the opposition of him who alleges that he is the real owner, or is guilty of any other act in the execution of his office."

Now this obviously refers to the control of the court over its own officer, in the execution of its own writs, and is as applicable to other misconduct of that officer in the execution of his official duties, as in cases of seizure of property not liable under an execution in his hands. The remedy needs no formal chancery proceeding, but a petition or motion, with notice to the sheriff, is not only all that is required, but is the most speedy and appropriate mode of obtaining relief.

This relief does not depend on any inadequacy of an action for damages or by sequestration. It is a short, summary proceeding before the court under whose authority the officer is acting, gives speedy relief, and is very analogous to the statutory remedy given in many of the Western States in similar cases to try the right of property at the instance of the party whose property is wrongfully seized. It has no element of equitable right or procedure, and as a court of chancery the Circuit Court had no jurisdiction of the case.

Although the court below dismissed the bill, it was a decision on the merits, and not for want of jurisdiction. The decree recites that the case was heard on bill, answer, replication, exhibits, and proofs, and on consideration thereof the bill was dismissed. This decree would be a bar to any other action which complainant might bring at law.

In accordance with the settled rule of this court, as shown in

the case above cited, of *Thompson* v. *Railroad Companies* and *Kendig* v. *Dean* (97 U. S. 423), this decree must be reversed, and a new one entered dismissing the bill for want of jurisdiction, and without prejudice to the right of complainant to bring any action at law or other proceeding which he may be advised; and it is

*So ordered.*