## DANIELS *v.* THE CITIZENS' INS. CO.[*]

### (*Circuit Court, D. Indiana.* January, 1881.)

1. WRITTEN INSURANCE CONTRACTS—PAROL EVIDENCE TO VARY.

    Parol evidence is admissible to ascertain the parties intended to be insured by a written insurance contract, although on the face of the contract there is no ambiguity concerning the same.

2. SAME—SAME—MARINE INSURANCE—WHO MAY SUE—KNOWLEDGE OF AGENT—ESTOPPEL.

    The Citizens' Insurance Company, a corporation of Indiana, doing an insurance business at Evansville, in that state, issued an open policy No. 38, to its own agents, Drew & Bennett, at Evansville, to cover all risks indorsed thereon, or certified in insurance slips to be covered thereby. It appointed Hudson & Bro., of Ohio, to solicit and obtain risks for it in the latter state, and, to avoid the laws of that state in relation to foreign insurance companies doing business in the state issued slips to Hudson & Bro. covering such property, under the policy No. 38, issued to its agents at Evansville, as Hudson & Bro. might agree to insure. Hudson & Bro. obtained a risk from the plaintiff, Daniels, of $2,500 upon 2,-500 bushels of salt, then in a barge towed by the steamer Robin, and received the premium, $45, from Daniels therefor. The insurance company, through its agents, Hudson & Bro., issued an insurance slip certifying that Hudson & Bro. were insured in the property therein described under policy No. 38 previously issued to Drew & Bennett. Hudson & Bro. had no interest in the salt. *Held,* that Daniels could sue the insurance company in his own name upon the insurance contract, and prove by parol that the insurance was taken out for his benefit; that the insurance company was bound to know what its agents, Hudson & Bro., knew, and could not set up their want of interest in the property, or that the contract, as shown by the policy No. 38 and the insurance slip, was not legal and binding upon them.

3. PAROL CONTRACT OF INSURANCE.

    And *held, further,* that even if the contract, as shown by the writings, was void for the reason that Hudson & Bro., while acting for the insurance company, could not insure themselves, yet that Daniels could recover, as the writings and the parol proof showed an agreement to insure Daniels, which was valid as a parol contract of insurance.

4. INSURANCE—LOSS PAYABLE TO CONSIGNEE—WHO MAY SUE.

    The insurance slip insured Hudson & Bro.; loss, if any, payable to John K. Speed. The salt was consigned to Speed, and he was expected to receive and pay drafts on account thereof, and to secure him for such payments the loss was made payable to him. The property having been lost before any such payment was made by Speed, *held,* that the suit was properly brought by Daniels in his own name.

[*]Reported by Florien Giauque and J. C. Harper, of the Cincinnati bar.

*T. D. Lincoln,* for plaintiff.

*Asa Iglehart,* for defendant.

GRESHAM, D. J. The complaint alleges that the Citizens' Insurance Company is a corporation organized under the laws of. Indiana, located at Evansville, and doing a general marine insurance business; that on the eighteenth day of December, 1878, the plaintiff was the owner of 2,500 bushels of salt, of the value of $2,500, then in a seaworthy barge in the Ohio river, at Middleport, Ohio, in tow of the steamer Robin, and bound from Middleport to Memphis, Tennessee; that Hudson & Bro., citizens of Middleport, were agents of the Citizens' Insurance Company at that place in soliciting business; that it was the practice of the insurance company and its agents, Hudson & Bro., to give to persons who insured their property with said agents slips certifying that Hudson & Bro. were insured in the property therein described, under an open policy numbered 38, which the insurance company had previously issued to Drew & Bennett, its own managing agents at Evansville; that on the eighteenth of December, 1878, Hudson & Bro., in consideration of $45 paid to them by the plaintiff, agreed to insure him against the perils of the river in the sum of $2,500 on his cargo of salt, the loss, if any, to be payable 60 days after proof; that by the laws of Ohio no foreign insurance company was allowed to do business in that state without complying with certain enumerated conditions and obtaining from the commissioner of insurance a license; that the Citizens' Insurance Company adopted this mode of doing business, through its agents in Ohio, under the open policy numbered 38, and issuing certificates certifying that its own agents in Ohio were insured under said open policy, to avoid the provisions of the Ohio statute prescribing terms upon which foreign insurance companies might do business in that state; that in putting the insurance in this form it was intended by the insurance company to insure Hudson & Bro., on account of the plaintiff, in the sum of $2,500 on his cargo of salt; that the salt had been shipped by the plaintiff to John K. Speed & Co., of Memphis, who was expected to make advances thereon and pay charges therefor,

for which reasons John K. Speed, one of the firm, was made appointee in the slip, or insurance certificate, to receive the insurance in case of loss for the plaintiff; that on the nineteenth of December the barge was grounded while in tow of the steamer Robin, and the salt became a total loss by the perils insured against, and that the proof was made of the loss and the plaintiff's interest therein.

The defendant demurred to the complaint, and it is insisted, in support of the demurrer, that the intention of the parties must be found in the open policy and the slip certifying that Hudson & Bro. were insured, and not the plaintiff; that there is nothing in either the open policy or slip indicating that Hudson & Bro. were insured as agents, or in any trust capacity, for the plaintiff or any one else; and that, being unambiguous, parol evidence cannot be received to alter or modify the instruments sued on.

Admitting the facts in the complaint to be true, as the demurrer does, the insurance company issued an open policy to its own agents at Evansville to cover all risks in Ohio indorsed thereon or certified to be covered thereby. Agents were then employed in Ohio to solicit and transact business in that state, but, to evade the laws of that state, the insurance obtained by these agents was made to run in their own names; the intention, however, being to insure, not the property of the agents, but the property of others. Hudson & Bro., of Middleport, Ohio, were agents to represent the insurance company at that place. They received the premium from the plaintiff, and made out and delivered to him a slip certifying that they, the agents, were insured under the open policy. The insurance company knew that the plaintiff, and not Hudson & Bro., were the owners of the salt, and that the barge upon which it was laden was seaworthy, and in tow of the steamer Robin, bound for Memphis. In short, the insurance company knew everything that was material to the risk, and that it was the purpose by this arrangement to insure the property, not of Hudson & Bro., but of the plaintiff.

After adopting this unusual, not to say questionable, mode of doing business to evade the laws of Ohio, the contract

should be enforced according to the real intention of the parties. Having taken the plaintiff's money, and induced him to believe that he was insured, the insurance company will not be allowed to say that the contract is void because the effort to make it conform to the rules of law was a failure. The insurance company is bound by the acts of Hudson & Bro. What the agent knew the principal must be held to have known. The plaintiff paid his premium to the insurance company, and for its own purposes it put the insurance in the name of its own agents, and delivered the written instrument to the plaintiff as evidence that he was insured. Effect should be given to the plain intention of the parties by allowing the plaintiff to prove by parol that the insurance was put in the name of Hudson & Bro. for his benefit. Courts take notice of the well-known method of doing insurance business. Underwriters are trusted to make their policies express the intentions of the parties. Few stop to read and study their policies before accepting them and paying their premiums. Knowing that they are thus trusted, underwriters must act in the utmost good faith with those who deal with them. In applying insurance contracts to the proper subject-matter, and the party or parties intended to be covered by the risk, courts have been liberal in receiving parol testimony in favor of the assured. It is well-settled that when a written contract is made by an agent, in his own name, the undisclosed principal may sue upon it and prove by parol evidence that the contract was made for his benefit; and this may be done although the other party had no knowledge of the agency and supposed that he was dealing with one who was acting for himself. *Huntington* v. *Knox*, 7 Cush. 371; Story on Agency, § 61.

In *Insurance Co.* v. *Chase*, 5 Wallace, 509, William Chase, J. W. Mungen, and three others were trustees of a church, and held the legal title to it in trust for the society. Mungen was also agent of the Howard Insurance Company. As such agent he took a fire risk of $5,000 for his company on the church property, in favor of William Chase, who paid the premium out of his private means on account of the parish, with the

assent of his co trustees. The society was indebted to William Chase, and the policy was made payable, in case of loss, to G. M. Chase. The church was destroyed by fire, the insurance company refused to pay the loss, and G. M. Chase, the payee in the policy, brought suit. The declaration averred that William Chase, being the owner in trust for the Union Congregational church for a premium paid in money, effected the insurance. The court held that the action could be maintained for the full amount of the policy, although William Chase was but one of five trustees.

In the case of *Shawmut Sugar Refining Co.* v. *Hampden Ins. Co.* 12 Gray, 540, the policy was to P. E. Kingman and others, of Boston, on their sugars, payable in case of loss to the Shawmut Sugar Refining Company. The property belonged to a corporation in which P. E. Kingman and others were stockholders. Their only interest in the company was as stockholders. There was no reformation of the policy, and the plaintiff recovered, notwithstanding the familiar rule that parol evidence cannot be received to contradict, vary, or explain a written contract. If a policy runs to A. B. for whom it may concern, or A. B. as agent or in some trust capacity, an action at law may be brought, in case of loss, in the name of A. B., disclosing the name of the real party in interest, or by the real owner of the property. *Rider* v. *The Ocean Ins. Co.* 20 Pick. 259.

That being the case if a written contract made in the name of one person, not an agent, but really for the benefit of another, from whom the consideration moves, as in this case, there is no good reason why the latter may not sue on it in his own name and prove by parol evidence that the contract was made for his benefit. In support of the plaintiff's right to maintain the action in his own name, see, also, *Archangel* v. *Thompson*, 2 Camp. 620; *Thompson* v. *Railroad Co.* 6 Wall. 137; *Insurance Co.* v. *Wilson*, 6 Ohio St. 561; *Anson* v. *Winneshiek Ins. Co.* 23 Iowa, 85.

If the written contract should be held void for the reason that Hudson & Bro., while acting for the insurance company, could not insure themselves, the defendant is equally

unfortunate, for then we have a parol contract of insurance. As we have already seen, all the facts material to the risk were known to the insurance company, and it agreed to insure the plaintiff on his cargo of salt for $45. The premium was paid, and the agreement was complete in all its parts before any effort was made to reduce it to writing.

It is now well settled that contracts of insurance may be made by parol unless prohibited by statute. *Relief Ins. Co.* v. *Eggleston,* 96 U. S. 574; *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448.

The demurrer is overruled.