## BURDELL *v.* COMSTOCK.[*]

( *Circuit Court, S. D. Ohio, W. D.* March 5, 1883.)

1. DAMAGES FOR INFRINGEMENT OF PATENT—WHEN EQUITY HAS JURISDICTION.

The proper forum in which to sue for damages arising from infringement of a patent is a court of law, but chancery courts may take cognizance of such cases if they involve some element of equitable jurisdiction; and when such courts have once rightfully obtained jurisdiction they may proceed and decree full relief.

2. SAME—SUIT BROUGHT JUST BEFORE EXPIRATION OF PATENT—FRAUD ON EQUITY JURISDICTION.

Where, though a bill in equity, alleging infringement of a patent and praying for an injunction and an account, was filed only five days before the expiration of the patent and no effort was made to obtain an injunction, *held* that the prayer for an injunction was a mere pretext, and that the court never acquired jurisdiction of the case.

*Gottfried* v. *Moerlein*, 14 FED. REP. 170, distinguished.

3. DEFECT OF JURISDICTION—WHEN AVAILABLE.

A plain defect of jurisdiction may be insisted upon at the hearing.

In Equity.

*Hoadly, Johnson & Colston*, for complainant.

*Perry & Jenney*, for respondent.

BAXTER, J. The proper forum in which to sue for damages arising from an infringement of a patent is a court of law. *Root* v. *Railway Co.* 105 U. S. 189. But chancery courts may take cognizance of such cases if they involve some element of equitable jurisdiction.

[*]Reported by J. C. Harper, Esq., of the Cincinnati bar.

Owners of patents are entitled, as well to protection against future invasions of their rights, as to compensation for past injuries. Hence, parties desiring such relief must, from the necessities of their cases, invoke the aid of courts authorized to issue injunctions, and when jurisdiction is once rightfully obtained, the court may proceed and decree full relief. This principle was applied in the case of *Gottfried v. Moerlein,* 14 FED. REP. 170. The bill in that case was filed 16 months before the expiration of the patent sued on. Therein the complainant prayed for an injunction and an account. The prayer for an injunction, based on a statement of facts *prima facie* entitling the complainant to that relief, gave equitable jurisdiction. The defendant acquiesced in this view of the case. He took no exception to the jurisdiction, but answered and proceeded to take proof and prepare the case for trial. The patent expired in May, 1881, and the case was heard in November, 1882. Most of the evidence was taken after the patent had expired. When the case was called for hearing, the defendant moved to dismiss it for the want of jurisdiction. But the court thought that the jurisdiction acquired in the beginning was not ousted by the subsequent expiration of the patent, and disallowed the motion. I am satisfied with the decision and adhere to it. But this is a very different case. The bill herein was filed in November, 1864, just five days before the expiration of the patent sued on. It also prayed for an injunction and an account. But it is manifest that the prayer for an injunction was a mere pretext—"a device to transfer a plain jurisdiction to award damages from a court to which it properly belongs, to this court." *Betts* v. *Gallais,* L. R. 10 Eq. 392. The injunction prayed for was neither expected nor desired. No court would, under the facts stated, have granted it. If issued, it could only have operated for the few days intervening between the filing of the bill and the expiration of the patent. We have no hesitation in declaring that, upon these facts, this court *never had jurisdiction of the case.* The defendant, taking this view of the law, promptly demurred, alleging a want of jurisdiction. His demurrer was overruled. But this decision is not conclusive of the question. Objections to the jurisdiction are usually taken in the first instance, but a plain defect of jurisdiction may be insisted upon at the hearing. *Thompson* v. *Railroad Co.* 6 Wall. 137. Our opinion is that this court is without jurisdiction, and complainant's bill will, therefore, be dismissed, with costs.