# NEW ORLEANS, *v.* LOUISIANA CONSTRUCTION COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 1104. Submitted December 17, 1888. — Decided January 7, 1889.

An intervention by third opposition, under §§ 395 to 400 of the Code of Practice of Louisiana, by a person claiming that property seized on execution is exempt from seizure and sale, is a proceeding at law, and as such, is reviewable upon writ of error.

The objection that third opposition cannot be availed of by a defendant in execution in regard to property situated as is the property in contention cannot be disposed of on a motion to dismiss or affirm.

MOTION TO DISMISS OR AFFIRM. The case is stated in the opinion.

*Mr. E. Howard McCaleb* for the motion.

*Mr. Henry C. Miller* and *Mr. Carleton Hunt* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

By the writ of error in this case a judgment of the Circuit Court of the United States for the Eastern District of Louisiana is brought up for revision, which was rendered by that court, after a trial by jury and on the verdict found, against the city of New Orleans upon its "petition of intervention and of third opposition," claiming certain property to have been exempt from seizure and sale on execution, which had been advertised for sale by the United States marshal under a writ of *fieri facias* issued upon a certain judgment recovered against said city by the Louisiana Construction Company, one of the defendants in error, and which, as appeared by an amended petition, was sold by said marshal to Isidore Newman, who, with Louis E. Lemaire, attorney in fact of said Construction Company, and R. B. Pleasants, the United States marshal, were made parties to said petition as amended.

By articles 395, 396, 397, 398, 399 and 400 of the Code of Practice of Louisiana, when property not liable is seized on execution, the remedy of the owner is by an intervention called a third opposition, on which, by giving security, an injunction or prohibition may be granted to stop the sale. If no injunction is issued, and the sale takes place, if the opposition is sustained, the seizure and sale are annulled, and the property restored. In the case at bar an order of prohibition was directed to be issued upon the city giving security as prescribed. This it failed to do, and the property was sold to Newman, as before stated.

The Construction Company now moves that the writ of error be dismissed, upon the ground that the cause was in equity, and therefore should have been brought here by appeal, and if that motion is overruled, that the judgment be affirmed.

The rule is thoroughly settled that remedies in the courts of the United States are at common law or in equity, according to the essential character of the case, uncontrolled in that particular by the practice of the state courts. In *Van Norden* v. *Morton*, 99 U. S. 378, where a bill addressed to the Circuit Court of the United States for the District of Louisiana, sitting in chancery, alleged that complainant was the owner of a dredge boat, which had been seized on an execution against another party, and prayed for an injunction, for the quieting of title and possession and for damages, it was held that, under the provisions of the Louisiana Code of Practice pertaining to the subject, the remedy was at law and not in equity, and the bill was for that reason dismissed. But it is urged that there the injunction was sued out by a third person, not originally a party to the cause, claiming ownership of the property seized; that the property was personal; and that it was not burdened with any trust; whereas, it is said that here the city was the defendant in execution; that the property seized was real; that the city claims it as trustee because *locus publicus;* and that the contention of the city involves the elements of trust, injunction and prevention of cloud on title, all exclusively cognizable in a court of equity.

The Circuit Court, however, took jurisdiction of the inter-vention of the city as "third opponent," and the intervention being answered, proceeded to trial on the merits, and to judg-ment accordingly.

The objection of the Construction Company that third op-position cannot be availed of by a defendant in execution or in regard to such property, and so situated, as that involved in this case, should have been made in the Circuit Court, and cannot be properly disposed of on this motion.

As the judgment stands, it is a judgment in a short and summary proceeding before the court under whose authority the marshal was acting, analogous to the statutory remedy, given in many of the States to try the right of property at the instance of the party whose property is alleged to be wrongfully seized, and as such, as determined in *Van Norden* v. *Morton, supra*, is at law, and properly reviewable upon writ of error. The motion to dismiss is therefore denied, and as we do not think there was color for it, the motion to affirm must be denied also.