HILL et al. v. KUHLMAN et al.

(Circuit Court of Appeals, Fifth Circuit. May 3, 1898.)

No. 540.

1. CIRCUIT COURT—JURISDICTION.
   A suit to stay an action on the law side of the court for recovery of lands, and to reform a deed thereto, is an ancillary suit, and the court has jurisdiction without regard to the amount in controversy.

2. REFORMATION OF DEED—SUFFICIENCY OF EVIDENCE.
   The evidence showed that the only land owned by grantor was a tract of 250 acres in the Tierwester survey, while the field notes set out in the deed call for a tract of land of 100 acres in another survey, not then owned by grantor, and that, if the notes in the deed are reversed, they will substantially describe the 250 acres owned by the grantor; that, since the deed, the grantee and his successors have claimed and controlled the 250 acres in the Tierwester survey, while during this time the grantor or his successors have made no claim to it. *Held* sufficient to sustain a decree, in a suit brought 50 years after the deed, that such deed be reformed to cover the 250 acres in the Tierwester survey.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

S. W. Jones and Geo. H. Breaker, for appellants.

S. R. Perryman and A. C. Bullitt, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PARDEE, Circuit Judge. This is an appeal from a decree on a bill brought to stay proceedings in an action on the law side of the circuit court, instituted for the recovery of certain lands, and to reform a deed from one John Y. Hill, the common source of title of both parties in the law action, to one Sanford J. Poston, the complainants' grantor, which deed was made on the 15th day of May, 1840. On the hearing, a decree was entered in favor of the complainants, reforming the deed in question as prayed for, and remitting the parties on the question of title to the action at law. To this decree the defendants below (appellants here) assign error as follows:

"(1) The evidence, as shown by the record in this case, fails to disclose such a state of facts, positive or circumstantial, as would justify a court of equity in adding to, correcting, changing, or modifying the language of a written instrument expressive of a contract solemnly entered into between the parties; and the said circuit court of the United States erred, to the prejudice of the said James H. Hill, Bell B. Pusey, Hill Hastings, Thomas H. Hastings, and Alfred Hastings, in holding, adjudging, and decreeing that a mutual mistake had been made by the grantor, John Y. Hill, and the grantee, Sanford J. Poston, in the field notes of the deed of conveyance, of date May 15, 1840, from the former to the latter, for a certain tract of land, being the land in controversy in this suit, situated in the county of Harris, then republic of Texas, but now the state of Texas, and in so correcting the field notes of said deed as to convey two hundred and fifty acres of land, instead of one hundred acres, as expressed in and by the field notes set out in said conveyance. (2) And other errors manifest of record."

This assignment of error amounts to no more than that the court below erred on the merits of the case. Counsel for appellants, however, by brief, present in this court the question of jurisdiction, want of equity in the bill, and insufficient evidence to support the decree. It is urged that the record does not show that the value of the subject-matter in controversy is within the court's jurisdiction. As the suit is one to stay proceedings at law, and could only be brought in the court a qua, the suit is an ancillary suit, and the jurisdiction of the court is clear. The want of equity in the bill is alleged, because the allegation of mutual mistake is not direct and positive in terms; and generally it is claimed that the bill and the amendment thereto wholly fail to state such a case as would authorize the correction or reformation of a written instrument executed more than 50 years ago, because it is said that the mutual mistake is not directly averred, but only on information and belief.

As we read the original bill of complaint, we find that the mutual mistake in the deed from Hill to Poston, which is the deed sought to be reformed, is fully described, and is sufficiently charged to support a decree in favor of complainants. If the objection had been made and insisted upon in limine, it could, if sound, have been easily cured by amendment. Whether a deed should be reformed on proof of mutual mistake after 50 years depends upon the peculiar circumstances attending the case. On the facts stated in the original bill and

the amendment thereto, laches is not imputable to the complainants in this case.

On the merits, we find the allegations of the bill sufficiently established to warrant the decree appealed from. The mutual mistake alleged in the bill is in regard to the field notes given in connection with a description of the land. The case shows that while John Y. Hill owned a tract of land in the county of Harris, 1½ miles from the city of Houston, being the southeast half of the Tierwester survey, he did not own any other land in that county; and that the deed purported to convey 250 acres off the Tierwester survey, while the field notes set out in the deed call for a tract of land of about 100 acres in another survey, not then owned or controlled or claimed by Hill; and that, if the field notes in the deed are reversed, they will substantially describe the 250 acres owned by Hill at the time of the conveyance; and that, from the time of the conveyance to Poston down to the present time, Poston and his grantees have claimed, controlled, and more or less occupied the 250 acres in the Tierwester survey, paying all taxes thereon, and as fully possessing the same as the circumstances permitted, while during all this time neither Hill nor his heirs nor other grantees have made any claim whatever to said lands. The case further shows that, in other deeds made by the said Hill about the time of the deed to Poston, he conveyed other portions of the same tract, reducing his holdings therein to the 250 acres sold to Poston, and in one of the deeds the land sold to Poston is referred to as being in the Tierwester survey. While it is possible that John Y. Hill, while pretending to sell 250 acres of land to Poston for a consideration of $1,500, may have intended in describing the land to insert field notes which did not refer to any land he owned, yet it is not probable nor to be presumed in a court of equity, in the absence of proof. All the circumstances established by the evidence point to the fact that the insertion of such field notes was a mistake.

The decree of the circuit court seems to be just and equitable, and we see no reason to disturb it. Affirmed.