# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### GRAVENBERG et al. v. LAWS.

(Circuit Court of Appeals, Fifth Circuit.   February 13, 1900.)

#### No. 835.

**1. PARTIES—INTERVENTION—EQUITABLE CLAIMS IN ACTION AT LAW.**

In an action at law to recover a fixed sum due under a contract, and seeking a sequestration of defendant's property, persons claiming labor liens against such property cannot intervene jointly to enforce such liens, and to have their priority determined, where such determination involves the trial of numerous separate issues of fact, since such rights can only be adjusted by a reference and a decree in equity.

**2. ACTION—LEGAL OR EQUITABLE—DISTINCTION IN FEDERAL COURTS.**

The distinction between legal and equitable forms of action is preserved in the federal courts, although they may have been blended in the courts of the state under whose statutes the action is being tried.

**3. PARTIES—JOINDER.**

Persons claiming labor liens arising out of distinct contracts cannot join as interveners to enforce such liens.

On Rehearing.

**DISMISSAL WITHOUT PREJUDICE.**

An order dismissing interventions and third oppositions in an action at law, "reserving the rights of said third opponents to assert their respective claims to the funds obtained in this suit, to be asserted at the proper time," is equivalent to a dismissal without prejudice.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

On December 15, 1897, Harry L. Laws sued William G. Pearce and Hamilton B. Cantey in the United States circuit court for the Eastern district of Louisiana for $3,491.60.   The suit was on an authentic act of contract and pledge of date July 14, 1897.   This contract gave Laws a lien and privilege on the crops to be grown by the defendants during the current year, and on the sugar and molasses to be manufactured therefrom and from cane to be purchased by the defendants.   This suit was accompanied by a writ of sequestration under which the marshal seized and sequestered 120 tons of cane, and about 320 barrels of sugar.   The sugar was sold under an order of the court for $4,092.13. After exceptions to the plaintiff's petition were overruled, an answer was filed by the defendants, and the case was tried before a jury, who rendered a verdict on February 8, 1899, for the plaintiff, in the sum of $3,218.68.   Judg-

100 F.—1

ment was entered on the verdict for the plaintiff and against the defendants. This judgment stands unreversed, and no writ of error has been sued out to reverse the same. On the 24th day of March, 1898, Jules Dreyfus was, by the Nineteenth judicial district (state) court for the parish of Iberia, appointed syndic of the creditors of the defendants. On May 12, 1898, the circuit court ordered that the syndic be made a party to this suit. The syndic, being made a party, filed exceptions to the plaintiff's petition. These exceptions being overruled, the syndic answered, denying the petition. On May 28, 1898, the syndic filed an intervening petition, giving a list of creditors who claimed liens as laborers and cane sellers on the property sequestered, and also a list of unsecured creditors. These claims amounted in the aggregate to about $6,100. The syndic, in his petition, prays to have all the creditors claiming liens cited to answer. He also prays for an order directing the marshal to deliver all the property or funds in his hands in the suit to him. No judgment has been rendered on this petition, or, at least, none has been brought before this court. Some of the creditors on the lists filed by the syndic, who have filed no petitions as third opponents, join in suing out this writ of error. The case is brought to this court on a writ of error sued out jointly by Charles Gravenberg and 120 others, who intervened as third opponents.

A brief statement of the case made by these interveners will be necessary: On February 2, 1898, the plaintiff in error Charles Gravenberg and 65 others, as joint petitioners, filed in the said case of Laws v. Pearce & Cantey their petition and third opposition, in which they state: "That they were employed during the year 1897 as laborers on the Sarah plantation, in the parish of Iberia, in this state. Said plantation and the sugar mill thereon are owned and operated by Pearce & Cantey, defendants herein. That defendants performed work and labor in and about said sugar mill and the plantation on which it is situated in planting, cultivating, cutting of the crop of cane, and in the making and manufacturing of the sugar in the aforesaid sugar house. That they were employed at the rate of wages set forth in the accompanying statement, and rendered services for which salaries or wages are now due and unpaid as shown in said schedule. That the sugars and other products of the cane which they helped to make were seized by process issued herein by the United States marshal, and the said sugars, or the proceeds thereof, are still in the hands of the said marshal, and your interveners and opponents have a lien and privilege superior to all others on the said sugar, or the proceeds thereof, and petitioners desire to intervene herein, in order to have their said liens and privileges recognized and enforced. Wherefore interveners pray for leave to file this petition of intervention for citation of said H. L. Laws, or James H. Laws & Co., of Joseph Weill & Bros., J. & L. Dreyfus, and George B. Kimbro, and also the United States marshal for this district; that, after due proceedings, interveners have judgment against said Pearce & Cantey, each for the respective amount due him as shown in the said annexed statement, and that their lien and privilege to the extent of their aforesaid claims on the sugar or other products of the said cane now in the hands of the marshal under process herein issued, or on the proceeds thereof, superior to all other liens and privileges, be recognized and enforced, and that the claim of the plaintiff and of the other interveners herein for liens, privileges, or rights of pledge on the said cane or other products, or the proceeds, be rejected and denied; and interveners further pray for all needed orders for costs and for general relief." Attached to this intervening petition is a list of the 66 petitioners, with the amount of the claim of each set opposite his name. The amount of the claims is, in the aggregate, $2,271.58. The largest claim in the list is $180, and the smallest $3.35. On the same day Victor Jones and 12 others filed a similar joint petition, with a similar list attached, the sums claimed amounting in the aggregate to $886.41. On the same day F. J. Dautrive and 13 others filed a similar petition and third opposition, claiming a lien on the property sequestered in the original suit, because they had sold and furnished the defendants part of the cane used in making the sugars. The amount of their claims in the aggregate is $2,441.76; the largest claim being $726.08, and the smallest $40.77.

The plaintiff in the original suit, Harry L. Laws, filed exceptions to each of the three intervening petitions. The exceptions to the petition of Charles

Gravenberg and others were as follows: "H. L. Laws v. Pearce & Cantey. On the Intervention and Third Opposition of Chas. Gravenberg et al. And now into court comes plaintiff, appearing solely for the purposes of this exception, and excepts to the petition of intervention and third opposition herein by Charles Gravenberg et al., for that said Gravenberg et al. are citizens and residents of the parish of Iberia, La.; that defendants are residents of that parish, and have therein made a cession of property, in the district court of said parish, which court has duly appointed a syndic to said insolvents, who alone is authorized to represent the creditors residing in that parish and in the state of said insolvents; and that, whatever claims interveners may have are vested in said syndic, who alone is authorized to stand in judgment concerning the same. And, should this exception be overruled, plaintiff further excepts that there is misjoinder of parties in the within case, the interveners and third opponents herein not being authorized by any provision of law to cumulate their individual actions, and to sue jointly. Wherefore exceptor prays that this, his exception, be maintained, that said intervention and third opposition be dismissed, and for costs and all general relief." The same exceptions were filed to the other joint petitions. David Rose and William Dallas filed separate petitions of intervention and third opposition, each alleging sales of cane to the defendants, and claiming a lien, and seeking to enforce it. The same exceptions (except that of misjoinder) were made by the plaintiff Laws to their petitions.

On these several petitions and exceptions the following order was entered: "H. L. Laws v. Pearce & Cantey. The exceptions of plaintiff of date February 8, February 12, June 20, November 29, 1898, to the petitions of intervention of Jos. Weill et al., D. Rose et al., of January 29, '98, of Chas. Gravenberg et al., of February 2, '98, of Wm. Dallas, of February 2, '98, of F. J. Dautrive et al., of February 2, '98, of H. Hemmerline et al., of February 2, '98, and to the petition of J. Dreyfus, of May 28, '98, came on this day for hearing. Present: H. H. Hall, for plaintiff. B. Tiche, for syndic. F. R. Richardson, for interveners. When, after hearing evidence and argument of counsel, it is ordered, adjudged, and decreed that all of the aforesaid interventions and third oppositions, except the interventions of Joseph, Charles, and Dan Weill, J. & L. Dreyfus, and J. B. Kimbro (reinstated by order of December 8, 1898), be dismissed at the costs of said interveners and third opponents: reserving the rights of said third opponents to assert their respective claims to the funds obtained in this suit, to be asserted at the proper time (order of December 7, 1898). And it is further ordered, adjudged, and decreed that the exceptions to the syndic's petition, in so far as the same seeks to call alleged privileged interveners into this suit, be maintained, and that much of said syndic's claim be dismissed." On February 11, 1899, on motion of the attorney for the third opponents, it was ordered that the plaintiff show cause on February 18, 1899, "why the third oppositions of the laborers and cane producers should not be now tried and determined, and the respective rights of all parties to proceeds of the property seized be fixed; and meanwhile it is ordered that the said proceeds remain in the custody of the court pending the determination of such issues." On February 18, 1899, the court made the following order: "Harry L. Laws v. Pearce & Cantey. The rule taken herein on February 11, 1899, on plaintiff by third opponents, to wit, certain cane producers and laborers, to try their said oppositions at this time, came on to be heard,—F. Rivers Richardson appearing for third opponents, and Harry H. Hall for plaintiff,—and was argued by counsel for the parties respectively, whereupon it was ordered that said rule be denied." One hundred and twenty-one of the third opponents —Charles Gravenberg and others—seek to reverse by their writ of error the said two judgments, one dated December 3, 1898, and the other February 11, 1899. The assignment of errors is as follows: "H. L. Laws v. Pearce & Cantey. And now into this honorable court come the third opponents in the above numbered and entitled cause, a detailed list of whom is named in their motion for writs of error herein, which is made part hereof, asking for a writ of error herein, and assign the following errors in the judgment rendered herein on the 3d day of December, 1898, and in the judgment rendered on the 11th day of February, 1899, and in the record and proceedings thereof, as follows: The lower court erred in maintaining the exceptions filed by the

plaintiff to the said third oppositions, and dismissing said third oppositions, because the said exceptions are not well founded in law, in that: (1) Third opponents have a right to appear herein, and contest the right of the plaintiff to take the property seized in satisfaction of his claim, when they assert superior liens and privileges thereon; and to protect such liens and privileges they have a standing in court, notwithstanding the insolvency of the defendants; (2) that there is no misjoinder of parties, because of identity of interest of all of said third opponents, all of whom assert their superior privileges as against the plaintiff and join in a common cause against him; (3) that the record shows that the exception that third opponents filed their oppositions after the bonding of the property by the plaintiff is unfounded in fact. That the court further erred in refusing to adjudicate the claims of third opponents asserting a lien upon the property, for the said court having jurisdiction and possession of the res was the only forum in which said questions could be litigated. The lower court further erred in denying the rule taken by the third opponents on the plaintiff to show cause why said third oppositions should not be tried at that time under the reservation made previously by the court. And for said errors, and for other errors apparent on the face of the record, third opponents in error pray that said judgment may be reversed, and for all general relief."

F. Rivers Richardson, for plaintiffs in error.

Harry H. Hall, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case, delivered the opinion of the court.

In Sims' Lessee v. Irvine, 3 Dall. 464, 1 L. Ed. 665, Mr. Justice Iredell said:

"It is of infinite moment, in my opinion, that principles of law and equity should not be confounded, otherwise inextricable confusion will arise. Neither will be properly understood, and, instead of both being administered with useful guards which the policy of each system has devised against abuse, a heterogeneous mass of principles not intended to assort with each other will be blended together, and the substance of justice will soon follow the forms calculated to secure it."

Whatever may be thought now of this observation, when most of the states have blended by Code procedure equitable and legal remedies, the federal courts are required to observe in their procedure the distinction between legal and equitable rights and remedies. In Bennett v. Butterworth, 11 How. 674, 13 L. Ed. 859, Chief Justice Taney, delivering the opinion of the court, said:

"The constitution of the United States, in creating and defining the judicial power of the general government, establishes this distinction between law and equity; and a party who claims a legal title must proceed at law, and may undoubtedly proceed according to the forms of practice in such cases in the state court. But if the claim is an equitable one, he must proceed according to rules which this court has prescribed regulating proceedings in equity in the courts of the United States."

It is settled beyond all controversy that under the constitution and laws of the United States the distinction between common law and equity must be maintained in the federal courts, although both jurisdictions are vested in the same courts. Fitts v. McGhee, 172 U. S. 516, 531, 19 Sup. Ct. 269, 43 L. Ed. 535; Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569. The suit that first invoked the jurisdiction of the court below was an action at law. It was a suit seek-

ing a judgment on a contract for a fixed sum. It also sought a sequestration of property of the defendants under the Louisiana practice, the petition containing allegations that the property would be removed from the state before the contract could be enforced. It is true that this petition also alleged that the plaintiff had a "lien and privilege" on the property sought to be sequestered. But the suit was essentially a legal action, seeking a verdict and judgment, and it was so treated by the court. The case was tried as has been stated, and a verdict and judgment had for the plaintiff, and no question is brought here as to the regularity or validity of the verdict or judgment. The judgments brought here for review concern the third opponents or interveners. The purpose of the third opponents, as shown by their petitions, is not to assert a legal title to any specific portion of the property sequestered. The purpose disclosed in each petition is to assert and establish by the judgment of the court a privilege or lien on the property or on the proceeds of its sale, and to have the court settle the order or priority of such liens. If the claim of a third opponent was for a certain portion of the property seized, there could be no objection to trying such issue at law. New Orleans v. Construction Co., 129 U. S. 45, 9 Sup. Ct. 223, 32 L. Ed. 607. Statutes authorize such practice in many of the states where property is seized on attachment or execution, and the same procedure in such states may be adopted by the federal courts, for it makes up and tries an issue at law. But in the instant case the petitions distinctly allege equitable rights, and seek the enforcement of liens, and the settlement of the priorities of the respective claims of the parties on the property sequestered, or on the funds arising from its sale. The result of a settlement of the issues presented, if the judgments prayed for were obtained, and the priorities of claimants settled, would be the settlement of the accounts of the syndic to the extent of distributing the fund in court. The record, it will be remembered, shows that the syndic is a party to the suit, and that he propounds a claim to the fund.

The record presents a case with several equitable features. It is analogous to the marshaling of assets. Code Prac. La. art. 403. In a measure it involves the settlement of a trust, and the enforcement of liens. Besides, the petitions of third opponents, as framed, present jointly for trial at law nearly a hundred issues of fact necessary to be ascertained to settle the existence of nearly a hundred separate debts. The procedure at law is unfitted to the settlement of such controversies, and the practice in equity by reference to a master is well adapted to such contentions. So many conflicting equities could not be settled by verdict and judgment at law, but could be adjusted by a decree in equity. The practice in the state courts of Louisiana is regulated by the following statute:

"Whenever a conflict of privileges arises between different creditors, all the suits and claims shall be transferred to the court, by whose mandate the property on which the privilege or right of mortgage is to be exercised, was first served on mesne process, or definitive execution; and said court shall proceed to class said privileges and rights of mortgage according to their rank and dignity, in a summary manner, after notifying all parties interested." Code Prac. art. 126.

Counsel for the plaintiffs in error contends that this statute should be followed in practice on the law side of the court, because at law the practice is the same in state and federal courts. Rev. St. U. S. § 914. But the state practice at law is followed with the understanding, always kept steadily in view, that equitable and legal remedies are not to be united. Thompson v. Railroad Cos., 6 Wall. 134, 18 L. Ed. 765; Van Norden v. Morton, 99 U. S. 378, 25 L. Ed. 453. Third opponents or claimants, having an equitable interest in property attached or sequestered by process from a United States court, are not without remedy in such court. But the remedy must be granted in a manner not to confuse by the procedure the boundaries of law and equity. The form of the proceeding and remedy afforded must be determined by the facts and circumstances of the case. When, from the character of the intervener's claim, the remedy sought is equitable in its nature, or when, from the circumstances of the case, there is no adequate remedy at law by petition in the original case pending at law, a bill in equity must be filed. Such bill would not be original, but ancillary, and dependent. The jurisdiction of the court would be fixed by the original suit, and the residence of the parties to the dependent bill or the amount in controversy would be immaterial. Railroad Cos. v. Chamberlain, 6 Wall. 748, 18 L. Ed. 859; Hill v. Kuhlman, 31 C. C. A. 87, 87 Fed. 498. The case of Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145, distinctly points out the proper course where there is no remedy at law by intervention or petition. Property in that case was attached in a suit at law. A person not a party to the suit claimed the property, and he was made a party to assert his title. Under the laws of Indiana, where the case occurred, he could not be permitted to become a party to try his title. He therefore had no remedy by intervention in the case at law, and was stricken out as a party to the suit. Judgment was rendered in favor of the original plaintiffs, and the property levied on was ordered to be sold. The claimant, who had bonded the property, paid its value into the registry of the court. Now, his claim to the fund or property had never been tried, and he was clearly entitled to have his rights adjudicated. The court held that a bill could be maintained on the equity side of the same court. The opinion shows that any one, though not a party to the original suit at law, who had an equitable claim to the fund, or who had a claim to the fund or property in court, and who was without adequate legal remedy, could maintain such bill. In the instant case we do not think that on the law side the circuit court can grant the relief asked by the third opponents. The cases presented by their interventions contain the assertion of equitable, in contradistinction to legal, claims, and the facts, as disclosed by the record, make it impracticable to settle the issues tendered by proceedings at law.

In several of the petitions of third opponents there is a misjoinder of petitioners. Persons having rights of action arising out of several and distinct contracts with the same defendant, or several rights of action against the same defendant arising out of the same contract, cannot join as plaintiffs in one action against such de-

fendant. 17 Am. & Eng. Enc. Law, 561, and cases there cited. The intervening petitions contain no allegations which authorize the several petitioners to join in one suit. No statute is cited that changes this general rule of pleading, and the Louisiana cases are in harmony with it. Dyas v. Dinkgrave, 15 La. Ann. 502; Mavor v. Armant, 14 La. Ann. 181; Favrot v. Parish of East Baton Rouge, 30 La. Ann. 606.

The order dismissing the petitions was made "after hearing evidence and argument of counsel." There is no bill of exceptions in the record, and, consequently, we are not advised as to what this evidence proved or tended to prove. We will not comment further on this aspect of the case, as the case is disposed of by the conclusions heretofore stated. The judgment of the circuit court is affirmed.

## On Petition for Rehearing.

SHELBY, Circuit Judge. We have carefully examined the application for a rehearing and the cases cited by counsel. We are constrained to deny the application. The opposition of third persons, under the Louisiana practice, may take place:

"(1) When the third person making the opposition pretends to be the owner of the thing which has been seized. (2) When he contends that he has a privilege on the proceeds of the thing seized and sold." Code Prac. La. 1870, art. 396.

Third opponents, like other interveners, may propound their claims on the law or equity side. Whether a bill in equity or a petition at law should be filed must be determined by the essential character of the case. If the third opponent is claiming the title to a specific chattel which has been seized on execution, attachment, or sequestration, he proceeds at law. Van Norden v. Morton, 99 U. S. 378, 25 L. Ed. 453. When the claim asserted is equitable in its nature, or where there is no remedy at law, a bill in equity must be filed. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145. Unless this distinction was observed, we would have trusts and equitable liens enforced and mortgages foreclosed for third opponents or interveners in suits at law. The statutes cited show that third opponents may assert either legal or equitable claims upon property seized. They may assert claims, as other interveners, where their remedy at law is adequate, or they may assert claims under circumstances where there would be no legal remedy. In the one case, the remedy is at law; in the other, it is in equity. Considering the character of the claims asserted in the instant case, which is fully shown in the statement of the case, after careful re-examination of it, we are constrained to hold that they do not present a case for relief at law.

The learned counsel for the plaintiffs in error makes the following suggestion in the application for a rehearing:

"The decree of the lower court, affirmed by this court without reservation, might be construed to be res adjudicata of the claims of third opponents who manifestly have an interest and a right to be heard, and this court should under all circumstances make such reservation in its decree."

The judgment of the circuit court, which is affirmed, dismisses the "interventions and third oppositions" in question, "reserving the rights of said third opponents to assert their respective claims to

the funds obtained in this suit, to be asserted at the proper time." No subsequent order was made that affects this reservation. The exceptions that were filed to the intervening petitions did not raise questions on the merits.

We think that the order dismissing the petitions was equivalent to a dismissal without prejudice. It is therefore unnecessary to modify the order. The application for a rehearing is denied.