## UNITED STATES BANK *v.* LYON COUNTY *et al.*

*(Circuit Court, N. D. Iowa, W. D. January 5, 1892.)*

FEDERAL PRACTICE—FOLLOWING STATE STATUTE—EQUITY AND LAW CAUSES.

The constitution of Iowa perpetuates the distinction between law and equity jurisdiction, but the state statute provides that, if an error is made in the form of an action, it shall not cause an abatement thereof, but the cause shall be transferred to the proper docket. *Held*, that the United States circuit court, sitting in Iowa, should follow this practice, and, upon sustaining a demurrer to a bill in equity on the ground that the complainant had an adequate remedy at law, would permit the cause to be transferred to the law docket, with leave to amend the pleadings, if necessary.

At Law. Suit by the United States Bank against the county of Lyon, Iowa, and others. Heard on motion to transfer the cause from the equity to the law docket. Motion granted.

*Henderson, Hurd, Daniels & Kiesel*, for plaintiff.

*Van Wagenen & McMillan, Kauffman & Guernsey*, and *E. C. Roach*, for defendants.

SHIRAS, J. This suit is pending upon the equity docket, the bill therein having been filed to recover a decree or judgment against the defendants for the amount of money paid by the complainant bank in the purchase of certain bonds issued by the county of Lyon, but which the county now refuses to pay, on the ground that the bonds were issued without legal authority therefor. Upon demurrer to the bill, this court held that the facts alleged in the bill did not show a case for equitable relief, on the ground that complainant had an adequate and sufficient remedy at law, and that the real object sought by complainant was a decree or judgment for the money advanced in the purchase of the bonds.

The demurrer was therefore sustained. See 46 Fed. Rep. 514. Thereupon the complainant filed the present motion, asking that the cause be transferred to the law docket, and be there proceeded with as a law action. The question is whether this is within the power of the court. If the court of equity was one separate and distinct in all respects from the court of law, each court being presided over by its own judge or chancellor, exercising authority under different commissions, and the courts being created under different acts of congress, it would be clear that a case at law, wrongly brought in the court of equity, could not be transferred from the one court to the other. The circuit court of the United States, however, is a single court, vested with jurisdiction over actions at law and suits in equity. Thus in section 11 of the judiciary act of 1789 it is enacted "that the circuit courts shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute," etc. Therefore the transfer of a cause from the equity to the law docket of the same circuit court is not transferring the case from the jurisdiction of one court to that of another and distinct tribunal, but, in effect, is merely directing that it be placed upon the proper docket, so as to be proceeded with according to the rules governing the practice in that branch of the court. In the state of Iowa, the distinction between law and equity jurisdiction is perpetuated in the state constitution; yet by the statute it is provided that, if an error is made in the form of action adopted, it shall not cause an abatement thereof, but the cause shall be transferred to the proper docket. Why may not this court follow this statutory enactment as a proper rule of action, when it finds that a case, proper for an action at law, has been commenced in form of a suit in equity? If the cause of action is one cognizable in a circuit court of the United States, and is brought in that court, but an error is committed in bringing it in equitable instead of legal form, why is it not within the power of the court to order that in this particular the form of the action may be amended, and the cause be entered upon the proper docket? Why put the parties to the delay and expense necessarily caused by a dismissal and recommencement of the proceeding, when the same can be saved by following the rule enacted in the state statute, and adopting the same as the proper practice in the federal court? In sustaining the demurrer to the bill, the ruling was not that the circuit court did not have jurisdiction, but that the case was not a proper one for equitable cognizance, because an adequate remedy could be had at law. It was not held that the complainant did not have a cause of action, but only that the form of the proceeding was erroneous, in that it should have been at law, and not in equity. Under the broad provisions of section 954 of the Revised Statutes, is it not permissible to the court to permit an amendment of the pleadings so as to conform the same to the kind of remedy which the court holds is appropriate to the case, and if, when amended, the cause is one proper to be proceeded with at law, to order the cause to be transferred to that docket, or *vice versa?*

In cases removed from the state courts, it sometimes happens that a case pending in equity under a state statute becomes, under federal practice, a case at law. If, upon removal, the cause is docketed upon the equity calendar, because it was in equity in the state court, certainly it was within the power of the federal court to order it to be transferred to the proper docket, if it is a case at law, under the federal practice. It sometimes appears in removal cases that the cause, as removed, embraces several controversies separable and distinct, some of which are of equitable and some of legal cognizance. The circuit court, by the removal, takes jurisdiction of the entire cause, but, if need exists, it may require a separation of the controversies, so as to place upon the law docket the controversies of legal jurisdiction, and upon the equity docket those of equitable cognizance. The power thus exercised, of assigning removed causes to the proper docket, is akin to that now asked to be exercised in ordering the transfer of this cause from the equity to the law docket; and is there any good reason why, if the power exists in the one case, it may not in the other? Counsel for defendants argue with ability the proposition that the section of the United Ttates statute providing for conforming the practice in law cases with that obtaining in the state courts cannot be so construed as to authorize the court to modify the practice in suits in equity, and there can be no doubt that such is the law. The difficulty with the argument is, however, that the court is not asked to modify the practice and mode of procedure in equity causes, but only to determine whether it has the power to order a cause wrongly brought in equity to be transferred to the law side of the court, there to be proceeded with as a law action.

Counsel for defendants cite, among others, the case of *Thompson* v. *Railroad Co.*, 6 Wall. 134, as an authority adverse to the power of the court to grant the motion, but, on the contrary, it tends to support the right of the court to grant the motion. The case was commenced as an action at law in a state court, and was thence removed to the United States circuit court. When it reached the federal court, leave was obtained to substitute a bill in equity for the petition at law, and the case was then proceeded with as a suit in equity. A decree upon the merits was rendered, and the defendants appealed to the supreme court on the ground that there was an adequate remedy at law. The supreme court sustained this claim, taking jurisdiction of the case by appeal, because the cause in the federal court was in form a suit in equity ; but in its final order it did not dismiss the cause, nor order the circuit court to dismiss the same, but it reversed the decree, remanded the cause, with directions to dismiss the bill without prejudice, (not the cause, but the bill,) and to proceed in conformity with the opinion. The opinion pointed out that there was no necessity for a change from law to equity after the suit was transferred, and that the action at law could be maintained in the form in which it was brought in the state court. The error which caused the reversal was in permitting that which was properly a law action to be transferred into one in equity. There is no intimation in the opinion that, if the facts had been such as to justify the

change in the form of the proceeding, the court would not have had the right to permit the change from the one to the other form, which would, of necessity, have involved the transfer from one docket to the other. On the contrary, the inference is that, if the facts had required the change, the power to authorize it exists. Furthermore, is it not fairly inferable from the order made by the supreme court that the circuit court, after dismissing the bill in equity, had the power to proceed with the cause in its original form, without requiring the plaintiff to recommence the action. If this was not so, why was the circuit court directed, after dismissing the bill in equity, to proceed in conformity with the opinion? See case of *Cherokee Nation* v. *Railway Co.*, 135 U. S. 641, 10 Sup. Ct. Rep. 965, in which the supreme court remanded a case in equity to the circuit court, with instructions requiring the case to be transformed into proceedings at law for the awarding damages for right of way. I deem the question one of exceeding doubt, in a case brought originally in this court, and it can only be settled by an adjudication of the higher tribunal. If the right to order the transfer exists, it will tend to save expense and delay to litigants, and, for the purpose of obtaining an adjudication of the question, the motion will be sustained, and the case will be transferred to the law docket, there to be proceeded with as an action at law, with leave to amend the pleadings, if that be deemed necessary.