Mr. Justice GRIER,
 

 delivered the opinion of the court.
 

 In all cases of a motion to dismiss the writ of error for want of jurisdiction, the court must necessarily examine the record to find the questions decided by the State court. But in many cases the question of jurisdiction is so involved with the other questions decided in the case, that this court cannot eliminate it without the examination of a voluminous record,
 
 *434
 
 and passing on the whole merits of the case. In such instances, the court will reserve the question of jurisdiction till the case is heard on the final argument on the merits.
 

 In the case before us, the want of jurisdiction is patent; it requires no investigation of a long bill of exceptions. It was not decided by the court below on its merits, if it had any. It furnishes no reason for a postponement of our decision of the question.
 

 If, in such cases, the court would postpone the consideration of the question of jurisdiction, we would put it in the power of every litigant in a State court to obtain a stay of execution for three years, or more, by a frivolous pretence that it comes within the provisions of the twenty-fifth section of the Judiciary Act. In many States, all the land titles originated in patents from the United States; and if every question of boundary, of descent, of construction of wills, of contracts, &c., and which may arise in State coui’ts, may be brought here on the mere suggestion that the- party, against whom the State court gave their judgment, derived title under a patent from the United States, we should enlarge our jurisdiction to thousands of cases, and increase, unnecessarily, the burdens of this court, with no corresponding benefit to the litigant. It is plain that, in such cases, there is not “ drawn in question the validity of a treaty, or statute of, or an authority exercised under, the United States.”
 

 "We have here a very brief record, and, on the facts of the case, we cannot shut our eyes to the total want of jurisdiction, under the twenty-fifth section, or any other section of the Judiciary Act.
 

 It is plain, that if the court had assumed jurisdiction, and had declared the defendant’s patent void, for the reason alleged in the bill, the defendant would have had a case which might have been reviewed by this court, under the twenty-fifth section, and one on which there might have been a question and difference of opinion. But it is hard to perceive how the twenty-fifth section could apply to a judgment of a State court, which did NOT decide that ques
 
 *435
 
 tion, and refused to take jurisdiction of the cay matter is too plain for argument.
 

 Motion grant