OLSON v. OREGON COAL & NAVIGATION CO.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1900.)

No. 589.

MARITIME LAW—INJURY OF SEAMAN—LIABILITY OF SHIPOWNER.

A corporation which is the owner of a ship, and which has exercised due care in making her seaworthy for a voyage, in her equipment and supplies, and the selection of her officers and crew, cannot be held responsible for the proper performance of the details of navigation during the voyage, and is not liable for an injury received by a member of the crew through the negligence of an officer or another member in leaving a hatchway open, the navigation of the ship during the voyage being a common undertaking, for which all the ship's company in their several stations are employed, and in respect of which they are regarded by the maritime law, as well as the common law, as fellow servants.

Appeal from the District Court of the United States for the Northern District of California.

H. W. Hutton, for appellant.
Geo. W. Towle, Jr., for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The question presented by this appeal is as to the sufficiency of the libel, the exceptions to which were sustained by the court below. 96 Fed. 109. The suit was for damages for injuries sustained by the libelant in a fall through an open hatchway in the deck of the steamer Empire, on which he was employed in the capacity of ship carpenter. It is alleged in the libel that the defendant corporation is and was, at the times mentioned in the libel, the owner of and engaged in operating the steamer named; that on the 22d day of February, 1897, the steamer left the Broadway wharf, in the city and county of San Francisco, Cal., bound on a voyage to Coos Bay, in the state of Oregon, for a cargo of coal; that she had no cargo on board, and was by reason of that fact "liable to sudden, unusual, and violent motions when in waters agitated by the winds"; that at the time of her departure the bar off the harbor of San Francisco was breaking badly, and that, although there were covers on board the vessel for the hatches,

the ship crossed the bar with her after hatch open; thereby making the deck of the steamer unsafe and dangerous, and that while the libelant was performing his duty upon the steamer as ship carpenter, in going from the after part of the vessel to the forward part, he, without any fault on his part, was thrown from his feet by a roll of the steamer, and, by reason of the after hatch being uncovered, he was thrown down that hatch, and fell a distance of about 30 feet, onto the shaft alley of the steamer, and thereby suffered a compound comminuted fracture of the right thigh, by reason of which he was compelled to go to the United States marine hospital in the city and county of San Francisco, and has been there confined ever since, and has suffered great physical pain and mental anguish by reason of his injury, which is permanent, and totally disables him, and which will forever prevent him from following his occupation as ship carpenter, or any other occupation, to his damage in the sum of $15,000.

There is no averment in the libel tending to show that the ship was not properly equipped with all necessary and appropriate appliances, or that she was not properly manned, or not entirely seaworthy, or that there was any neglect on the part of the defendant in the selection of the officers or crew of the ship; and, although there is a general allegation of negligence on the part of the defendant, the libel undertakes to and does specify the particulars in which it is claimed the defendant was guilty of negligence, consisting only, as has been seen, in the leaving open of the after hatch, through which the libelant fell. As the defendant is alleged to be a corporation, it is, of course, obvious that it could only operate the ship through its agents or servants, so that the negligence with which it is charged must necessarily have been the personal negligence of some one employed by it. Assuming, therefore, that the mere leaving open of the hatch, under the circumstances stated, can be properly held to have been negligence, it must necessarily have been the negligence of some officer or member of the crew of the ship. Assuming, further (for it is not so alleged), that it was the negligence of the captain, it was no more than negligence in the ordinary navigation of the ship, in which common employment all of the members of the ship's company were engaged. In matters of that kind the maritime law makes no account of mere ordinary negligence. In Quinn v. Lighterage Co. (C. C.) 23 Fed. 363, the negligence by which the libelant was injured was the immediate act of the master of the ship, namely, his premature order in setting the winch in motion. In that case the owners were held not liable because that act was not one that the captain had done in his character as the representative of the owners, but was an act that any other co-servant in the same employment might have performed. "The true inquiry," said Judge Wallace, "is whether the character of the act of the captain was one which it was incumbent upon the defendant [the owners] to see properly performed." The owner, who is usually ashore, and in this case was a corporation, cannot, in the nature of things, see to the details of navigation. The officers and crew are employed for that purpose, and it would be quite

as reasonable to hold the owner responsible for the negligent handling of a rope or sail as for the failure to close a hatch. It is undoubtedly true that the master represents the owner in respect to the personal duties and obligations which the latter owes to the seamen, such, for instance, as the maintenance of the ship and her apparel in a safe and seaworthy condition, procuring repairs and supplies, the supplying of the crew with sufficient food and with medical attendance and care in case of injury or sickness, and for his neglect in any of those particulars the owner is liable. The cases of Gabrielson v. Waydell (C. C.) 67 Fed. 342; The A. Heaton (C. C.) 43 Fed. 592; Anderson v. The Rence, 14 Sawy. 476, 46 Fed. 805; and The Chandos, 6 Sawy. 546, 4 Fed. 645,—were cases of that character. "The navigation of a ship from one port to another constitutes," as said by Judge Brown in The City of Alexandria (D. C.) 17 Fed. 390, "one common undertaking or employment, for which all the ship's company, in their several stations, are alike employed. Each is in some way essential to the other in furtherance of the common object, viz. the prosecution of the voyage." It is very clear that upon common-law principles the owner would not be liable for an injury sustained by one of such employés by reason of the negligence of one of his co-employés, whatever his grade in the common employment. In the recent case of Railroad Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, Adv. S. U. S. 85, 44 L. Ed. 181, where the case of Railroad Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. 184, 28 L. Ed. 787, was finally and squarely overruled, the supreme court announces the true rule to be, both upon principle and authority, "that the employer is not liable for an injury to one employé occasioned by the negligence of another engaged in the same general undertaking; that it is not necessary that the servants should be engaged in the same operation or particular work; that it is enough to bring the case within the general rule of exemption if they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties tending to accomplish the same general purposes; or, in other words, if the services of each in his particular sphere or department are directed to the accomplishment of the same general end." It is true that the present case is to be determined, not by the common law, but by the rules of the maritime law; but that law, as was shown very clearly, we think, by Judge Brown in the case of The City of Alexandria, supra, is, in respect to the facts here presented, the same. See, also, the cases of The Queen (D. C.) 40 Fed. 694; The Frank and Willie (D. C.) 45 Fed. 494; The City of Norwalk (D. C.) 55 Fed. 98; Steamship Co. v. Merchant, 133 U. S. 375, 10 Sup. Ct. 397, 33 L. Ed. 656. The judgment is affirmed.