## CARTER et al. v. BROWN.

(Circuit Court of Appeals, Fifth Circuit. February 23, 1914.)

### No. 2570.

1. SEAMEN (§ 29*)—PERSONAL INJURY—LIABILITY OF VESSEL OR OWNERS.

It is not a defense to a suit by an employé against the owners of a vessel, to recover for an injury caused by the improper stowage of cargo, that the negligence was that of fellow servants; it being the duty of the master or mate, for which the owner is responsible, to see to the proper stowage of cargo.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

2. SEAMEN (§ 29*)—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is not a complete defense to a suit in admiralty for injury to an employé, but, if proved, goes only to a reduction of damages.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by Joseph Brown against Henry M. Carter and others. Decree for libelant, and both parties appeal. Affirmed.

James Legendre and Edward Rightor, both of New Orleans, La., for appellants and cross-appellees.

W. J. Waguespack, of New Orleans, La., for appellee and cross-appellant.

Before PARDEE, Circuit Judge, and GRUBB, District Judge.

GRUBB, District Judge. This was a libel in personam, filed by the appellee against the appellants in the District Court for the Eastern

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

District of Louisiana to recover damages, alleged to have been suffered by appellee by reason of a personal injury received by him while in the employment of the appellants, as a laborer on the Mississippi river steamboat Queen of the Bends. The injury was caused by the fall of sacks of sugar on the appellee, which were piled on the deck of the boat. The fact of injury, and that it was so caused, is not in dispute. The disputed questions relate to the condition in which the sugar sacks were piled, and the responsibility of the appellants therefor, and to the conduct of the appellee at the time he was injured, as bearing upon the question of his own fault as a contributing cause of his injury. The facts, other than those stated, are in irreconcilable conflict. There is even a dispute as to whether the accident occurred in nighttime or daytime, and as to whether the boat was tied up at a landing or moving in midstream.

The appellants can only be responsible for the injury because of fault on their part which had causal relation to it. The appellee asserted the existence of such fault, and that it consisted in the negligent manner in which the sugar was piled on the deck of the boat, in that it was piled eight sacks high with one tier and no support, other than the sacks themselves, when it should have been piled but five sacks high in the absence of such support.

The record shows that it was not customary to pile sugar sacks of the dimensions of those which fell higher than five or six in a single tier, and, in the absence of additional support, and the inference of fault in some person, if the sacks were piled as asserted by appellee, was properly drawn by the District Judge.

The testimony as to the height of the tier of sacks that fell, whether eight high or only five high, is in hopeless conflict. There is no dispute that the sacks fell from a single tier, which had no support other than the sacks themselves. We concur with the District Judge's conclusion that the weight of the evidence of the witnesses, taken in connection with the probabilities fairly deducible from such few facts as are undisputed, and from the physical situation, shows that the sacks were piled eight high.

[1] Having reached the conclusion that the sacks which fell were negligently piled, the next inquiry concerns the appellants' responsibility for the negligent piling. The causal relation to the injury is obvious. The appellants invoke the fellow-servant rule, as a defense. It is manifestly, however, the duty of the master or the mate to see to the proper stowage of the cargo, and that the boat was kept properly trimmed. Failure of the master or mate to properly discharge this duty would bind the owners of the boat, whose vice principals as to the performance of this duty they were. The record fairly shows that the master, H. M. Carter, one of the appellants, had actual knowledge of the method adopted for piling the sacks that fell, and either directed it or acquiesced therein. Under such a state of the record, the District Judge properly held that the fellow-servant rule afforded appellants no protection as against the appellee's claim.

In the case of Anderson v. The Ashebrooke (C. C.) 44 Fed. 124,

Circuit Judge Pardee, speaking of the application of the fellow-servant rule, said (page 127):

"Reliance is placed upon the case of The Dago (C. C.) 31 Fed. 574, and the authorities there cited. Conceding the law to be as stated, the defense is not good in this case, because the improper location of the ladder and steam-hoisting apparatus was so patent that the court is bound to hold that the owners had notice of it; and the * * * defective machinery, arising from wear and tear was brought home to the agents of the owners by actual notice."

And again in the same case the same judge said (44 Fed. page 128):

"The trouble with this position is that, under the evidence in the case, the promoting cause of the injury, so far as the ship was concerned, was its defective appliances and tackle. It does not relieve the ship from fault, because fellow servants of the libelant contributed with him to the injury."

[2] The last inquiry relates· to the conduct of the appellee as to contributing fault. It is contended that his fault consisting in his attempt to climb up on the tier of sacks to get his jumper, which he had previously placed there, and that the sacks, though piled eight high, would not have fallen but for his interposition in that way. There is an equally hopeless conflict between the witnesses upon this question. On the one hand, the appellee and his witnesses deny that he climbed upon or touched the sacks, while the appellants' witnesses assert that he did. We .do not feel it necessary to resolve this conflict, because, conceding the appellee to have been in some degree in fault himself, this would only serve to cause a division of damages, and not to deprive him of the right to recover at all. ·

In the case of Anderson v. The Ashebrooke (C. C.) supra, the court said (44 Fed. page 127):

"In admiralty, contributory negligence does not necessarily prevent the recovery of damages by a party injured in case of maritime tort occasioned by concurring negligence. In such cases the admiralty rule is .to divide the damages. This court fully considered this question in the case of The Explorer (D. C.) 20 Fed. 135, where it is held that 'in cases of marine torts it is the rule of the courts of admiralty to exercise a conscientious discretion, and give or withhold damages upon enlarged principles of justice and equity.' And in the well-considered case of The Max Morris (C. C.) 28 Fed. 881, following The Explorer, it was held that: 'In suits in admiralty for personal injuries, contributory negligence on the part of the libelant is not a bar to his recovery, and that the admiralty rule apportioning damages, where both parties are in fault, extends to all causes of maritime tort occasioned by concurring negligence.' "

In the case of The Max Morris, 137 U. S. 1, 11 Sup. Ct. 29, 34 L. Ed. 586, the Supreme Court, after citing cases supporting the rule of division of damages, and among them the cases of The Explorer (D. C.) 20 Fed. 135, and The Wanderer (C. C.) 20 Fed. 140, decided by Circuit Judge Pardee, said:

"All these were cases in admiralty, and were not cases of collision between two vessels. They show an amelioration of the common-law rule, and an extension of the admiralty rule in a direction which we think is *manifestly just, and proper*. Contributory negligence. in a case like the present. should not wholly bar recovery. There would have been no injury to the libelant but for the fault of the vessel; and while, on the one hand, the court ought not to. give him full compensation for his injury, where he himself was partly in fault, it ought not, on the other hand, to be restrained from saying that the fact of his negligence should 'not deprive him of all recovery of damages. As stated by the District Judge in his opinion in the present case, the more equal

distribution of justice, the dictates of humanity, the safety of life and limb, and the public good will be best promoted by holding vessels liable to bear some part of the actual pecuniary loss sustained by the libelant, in a case like the present, where their fault is clear, provided the libelant's fault, though evident, is neither willful nor gross, nor inexcusable, and where the other circumstances present a strong case for his relief. We think this rule is applicable to all like cases of marine tort founded upon negligence and prosecuted in admiralty, as in harmony with the rule for the division of damages in cases of collision. The mere fact of the negligence of the libelant as partly occasioning the injuries to him, when they also occurred partly through the negligence of the officers of the vessel, does not debar him entirely from a recovery."

The District Judge allowed the appellee $1,000. As he also found that he was guilty of no contributory negligence, that sum must have been assessed by him as full compensation for appellee's injuries. The appellee complains by his cross-appeal of the insufficiency of the District Judge's award. Even though there was some concurring negligence shown upon the part of the appellee, we think, in view of the serious character of the injuries received by him and their probable effect on his present and future earning capacity, that the appellants have no cause of complaint, since the sum awarded would not be excessive, though the amount had been fixed upon the theory of divided damages. On the other hand, in view of the conflicting evidence as to appellee's concurring negligence, we do not feel disposed to increase the award at the appellee's instance.

The judgment of the District Court is affirmed upon both the direct and cross-appeal, and the appellants taxed with the costs of the appeal.