TROPICAL FRUIT S. S. CO., Limited, v. TOWLE.

(Circuit Court of Appeals, Fifth Circuit. April 28, 1915.)

No. 2754.

1. SEAMEN ⬤⇒29—PERSONAL INJURIES—LIABILITY OF VESSEL.
   Where a ship is seaworthy and properly equipped, neither the vessel nor owner is liable for an injury to a seaman, resulting from the negligence of other members of the crew.
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. ⬤⇒29.]

2. SEAMEN ⬤⇒29—PERSONAL INJURIES—LIABILITY OF VESSEL—STATE STATUTE.
   Civ. Code La. § 3237 (12), giving a privilege to any individual injured in person or property by "any carelessness, neglect or want of skill in the direction or management" of any vessel, has no application in the case of a seamen injured on board the ship through the negligence of other members of the crew.
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. ⬤⇒29.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by Frank Towle against the steamship Cartago; the Tropical Fruit Steamship Company, Limited, of Glasgow, Scotland, claimant. Decree for libelant, and claimant appeals. Reversed.

This is a suit in admiralty against the steamship Cartago by Frank Towle, a seaman thereon, to recover the sum of $1,500 for personal injuries alleged to have been sustained by him through the negligence of the officers in charge of said vessel.

The gist of the action is set forth in the following allegations of the third paragraph of the libel: "That on a recent outward voyage or trip of the Cartago, on or about April 30, 1914, this libelant, while on board said vessel,

engaged in the performance of his duties as one of the crew and, acting under orders and while battening down or covering and securing one of the hatches of said vessel, did sustain a severe bodily injury while working, and the right hand of this libelant was injured and crippled by the crushing of two fingers, thereby losing a joint of his middle finger and crushing and disabling another finger of his right hand, by the same being crushed by a barrel or cylinder containing oil or similar liquid, which had been improperly or insecurely placed or left carelessly upon or near the deck of the vessel near the hatch."

The claimant in due course filed its answer, admitting the employment of the libelant on the Cartago and the occurrence of the injury, but denying the other allegations of the libel. The evidence was taken out of court before a commissioner, and the case was then submitted to the court, which entered a decree against the claimant and its surety in the sum of $500. The court held that the accident was due to the negligent manner in which the barrel of oil had been placed and to the negligence of libelant in not taking proper precautions, and accordingly divided the damages. From this decree appellant prosecutes this appeal, and has filed the following assignments of error:

"(1) That the court erred in handing down any decree at all in favor of the libelant, but should have dismissed his claim and entered a decree in favor of respondent.

"(2) That the court should have held that the evidence in this case failed to show any negligence on the part of the respondent, and therefore erred in allowing libelant any recovery whatsoever.

"(3) That the court should have held that, even if there were any negligence on the part of respondent, it was the negligence of the fellow servants of libelant, and that no recovery could be allowed therefor, and that the court, therefore, erred in not rendering judgment in favor of respondent, dismissing libelant's suit.

"(4) That the court should have held that the libelant had failed to bring his case within the exceptional class of cases in which a seaman is allowed to recover indemnity for personal injuries, inasmuch as the evidence failed to show that the ship was unseaworthy, or that there was any defect in the appliances thereof, and that the court, therefore, erred in entering any decree whatsoever for libelant, inasmuch as the evidence showed that libelant had been fully maintained and cured at the expense of respondent."

Esmond Phelps, of New Orleans, La., for appellant.

C. L. Walker, of New Orleans, La., for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). [1] The evidence is taken as fully proving the facts alleged in the third paragraph of the libel, and yet we are constrained to deny the libelant relief.

The matters complained of arose on a vessel practically on the high seas, and thus within the admiralty jurisdiction, and the responsibility of the ship must be determined according to admiralty law and usages.

In The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760, the Supreme Court discussed at length the extent of recovery in admiralty allowed for an injury to seamen received on a vessel, and therein announced the following propositions as the settled law of England and this country:

"1. That the vessel and her owners are liable, in case a seaman falls sick, or is wounded, in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued.

"2. That the vessel and her owner are, both by English and American law,

liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship. * * *

"3. That all the members of the crew, except perhaps the master, are, as between themselves, fellow servants, and hence seamen cannot recover for injuries sustained through the negligence of another member of the crew beyond the expense of their maintenance and cure.

"4. That the seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident."

The libelant injured in this case received all the medical care and attention his case required, and his wages were continued, and he makes no claim in that respect. There is no contention but that the Cartago was in all respects seaworthy. The barrel or cylinder containing oil that was improperly and insecurely placed or left carelessly upon or near the deck of the vessel near the hatch, which caused the injury received by the libelant, was so placed or left through the negligence of other members of the crew for which the ship is not liable.

The Osceola has been followed and applied in cases similar to the one under consideration in many instances. See City of Alexandria (D. C.) 17 Fed. 390, in which Judge Brown said:

"In effect, the maritime law makes no account of mere ordinary negligence in such cases. More or less negligence is in fact to be expected, and the rules long established, as regards the relief to be afforded, are irrespective of such negligence, whether by the seamen or others. When the owners perform all that can be reasonably done on their part by the proper equipment of the vessel for the voyage and the selection of competent officers and a sufficient crew, no reason exists in natural justice for holding them or their vessel answerable for the accidents to seamen, which happen during the voyage, beyond the limits which the maritime law has established."

See, also, Olson v. Oregon Coal & Navigation Co., 104 Fed. 574, 44 C. C. A. 51, in which it is held that a ship could not be held liable for injuries received by a member of the crew falling through a hatchway negligently left open.

In The Drumelton (D. C.) 158 Fed. 455, it is said:

"According to libelant's" plea a tank "engine cover fell upon him because proper lashings, although provided, had not been made fast. If this be true, he is certainly not entitled to any recovery under the fourth statement of law in The Osceola."

And see The Nyack, 199 Fed. 383, 118 C. C. A. 67; also The Santa Clara (D. C.) 206 Fed. 179.

[2] The proctor for libelant contended in the lower court, and contends here, that The Osceola Case and other decisions cited were inapplicable because of the provisions of article 3237 of the Civil Code of Louisiana, as follows:

"The following debts are privileged on the price of ships and other vessels, in the order in which they are placed: * * *

"12. Where any loss or damage has been caused to the person or property of any individual by any carelessness, neglect or want of skill in the direction or management of any steamboat, barge, flatboat, water craft or raft, the party injured shall have a privilege to rank after the privileges above specified."

The Osceola, supra, fully answers this contention. In that case in discussing a similar statute of Wisconsin, Mr. Justice Brown, speaking for the court, said:

"The statute was doubtless primarily intended to cover cases of collision with other vessels or with structures affixed to the land, and to other cases where the damage is done by the ship herself, as the offending thing, to persons or property outside of the ship, through the negligence or mismanagement of the ship by the officers or seamen in charge. To hold that it applies to injuries suffered by a member of the crew on board the ship is to give the act an effect beyond the ordinary meaning of the words used. Would it apply, for instance, to injuries received in falling through an open hatchway? Or to a block blown against a seaman by the force of the wind, though the accident in either case might have resulted from the negligence of the master? We think not."

The case of Carter v. Brown, 212 Fed. 393, 129 C. C. A. 69, cited by the libelant, is easily distinguishable from the case at bar. That was a suit in personam against the owners of the steamboat Queen of the Bend, a coast packet running from one part of Louisiana to another, to recover damages by the libelant while employed as a laborer thereon by the falling of certain sacks of sugar. The court found that Carter, the master and one of the owners, had actual knowledge of the method adopted for piling the sacks, and either directed or acquiesced therein. In other words, there was personal negligence on the part of the owner.

The decree of the District Court is reversed, and the cause is remanded, with instructions to dismiss the libel.