## HANRAHAN v. PACIFIC TRANSPORT CO., Limited.

### (Circuit Court of Appeals, Second Circuit.  November 12, 1919.)

### No. 44.

1. ADMIRALTY &2—MARITIME RIGHTS NOT CHANGED BY CHOICE OF COMMON-LAW REMEDY.

That a seaman injured on board sues at law for the injury does not change the fact that his rights are governed by the maritime law.

2. SEAMEN &9—SHIP NOT UNSEAWORTHY, SO AS TO GIVE RIGHT TO DAMAGES FOR INJURY.

A ship *held* not unseaworthy, because of the temporary absence, of a handrail while she was lying alongside a wharf discharging cargo, so as to entitle a seaman injured thereby to recover damages.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by William F. Hanrahan against the Pacific Transport Company, Limited.  Judgment for defendant, and plaintiff brings error.  Affirmed.

Certiorari denied 251 U. S. ——, 40 Sup. Ct. 345, 64 L. Ed. ——.

The Pacific Company is the owner of a steamship, and Hanrahan was a member of her crew.  The vessel being in port, and fast to a pier, Hanrahan returned at night from shore leave, and while walking on the upper deck, and toward, his quarters, fell overboard, suffering personal injuries, for which he brought this common-law action.  We assume for the purposes of this case that the reason why he was injured was that by the negligence of the ship's officers a certain handrail was not in place.  This rail consisted of wire rope passing through stanchions, which were insertable in sockets built into the deck.  It was erected to take the place of a bulwark.

From all the evidence the jury might have found that Hanrahan's injuries were caused or contributed to by the absence of the handrail.  He asked to go to the jury on the theory that the vessel was unseaworthy by reason of the failure of those in charge of her to maintain the handrail in place.  This motion having been denied, and verdict directed as above, he took this writ.

Silas B. Axtell, of New York City (Arthur Lavenburg, of New York City, of counsel), for plaintiff in error.

Kirlin, Woolsey & Hickox, of New York City (Robert S. Erskine, of New York City, and L. De Grove Potter, of White Plains, N. Y., of counsel), for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above).  If defendant, as master, had been constructing a house, instead of operating a ship, and plaintiff (the servant) had fallen from a defective scaffold, instead of from an unguarded deck, the resulting injury would have conferred both a common-law right and a common-law remedy, and such right would (or might) have resulted from breach of a contract recognized, if not created, by the common law.

At the time of this accident, however, plaintiff's relation to defendant resulted from a maritime contract, viz. his hiring as a seaman.

The scope and effect of such contract is defined and regulated solely by the general maritime law, which is a different system of jurisprudence from the common law, and neither subordinated to nor controlled thereby. Cf. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900.

[1] Assuming that the master of this ship negligently omitted to place the handrail, and that there is a causal connection between such negligence and plaintiff's injuries, he is entitled, not to "indemnity" for the consequences of that negligence, but to "maintenance and cure"—i. e., "care." The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; The Bouker No. 2, 241 Fed. 831, 154 C. C. A. 533. This is the result of the maritime law, and that this action was brought on the common-law side of the court· below makes no difference. Plaintiff chose a common-law remedy, but the choice neither changed the maritime rights of the parties, nor created a new right. Chelentis v. Luckenbach, etc., Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171.

[2] But since by the law maritime a seaman is entitled to "indemnity" (which may be taken as equivalent to "damages") for injuries received through the "unseaworthiness of the ship" (The Osceola, supra, 189 U. S. at page 175, 23 Sup. Ct. 483, 47 L. Ed. 760), it is now urged that section 20, Seaman's Act March 4, 1915, c. 153, 38 Stat. 1185 (Comp. St. § 8337a), requires a holding that it was at least for the jury to say whether this ship was not unseaworthy, as a result of the negligent absence of handrails; for such negligence being that of an officer, who cannot (under section 20) be regarded as plaintiff's fellow servant, the case is the same as if defendant owner had personally made the deck unsafe for plaintiff's lawful purposes.

The argument fails both on authority and reason, for (1) it is opposed to the ground of decision in Chelentis v. Luckenbach, etc., Co., supra; and (2) it involves a misuse of the word "seaworthiness."

(1) Chelentis claimed to have been injured by obeying a negligent order; this plaintiff alleges injury because an order was negligently omitted. If (as held) section 20 had no application to Chelentis, it has none here, because it is still immaterial "whether the master and seaman are fellow servants or not";. maintenance and care remain the full limit of the controlling maritime law.

(2) Every allegation of fact made by plaintiff has been assumed, yet we hold that no jury could on such facts declare the ship unseaworthy.

Seaworthiness is a relative term; a vessel may have that quality in port, and yet be wholly unfit for rough water (McLanahan v. Universal, etc., Co., 1 Pet. 170, 7 L. Ed. 98); and to say that this ship was unseaworthy because she had no handrail up, while lying alongside a wharf discharging cargo, is merely untrue.

The contention confounds seaworthiness and safety, if not seaworthiness and comfort; and the facts presented require only reference to Hedley v. Pinkney, [1894] App. Cas. 222, and Olson v. Navigation Co., 104 Fed. 574, 44 C. C. A. 51.

Presenting this point before a jury somewhat beclouds the final

issue, which is whether section 20 has changed or sought to change the general maritime law. That it does not was decided in the Chelentis Case.

Judgment affirmed, with costs.