## THE WEST JESTER.

### WAGSTAFF v. UNITED STATES et al.

(District Court, W. D. Washington, N. D. June 7, 1922.)

No. 6676.

1. **Seamen** ⊂⊃29(2)—**May recover compensation for injury, through unseaworthiness.**

A vessel and her owner are liable for indemnity for injuries received by seamen in consequence of unseaworthiness of the ship or a failure to supply and keep in order the proper appliances.

2. **Admiralty** ⊂⊃20—**Without jurisdiction to enforce remedy at law.**

The remedy at law for personal injury given seamen by Merchant Marine Act June 5, 1920, § 33, cannot be enforced in a court of admiralty; the right in admiralty being limited to recovery of expense of maintenance and cure and wages, except where the injury occurred through unseaworthiness.

3. **Common law** ⊂⊃14—**Common-law principles govern in federal courts.**

While there is no body of federal common law, separate from the common law existing in the several states, the principles of the common law are operative, so far as they have national application, except as modified by congressional enactment.

In Admiralty. Suit by Frederick A. Wagstaff, alias Fred A. Schreeve, against the United States, the United States Shipping Board, and the steamship West Jester. On exceptions to libel. Overruled.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank E. Hammond, of Seattle, Wash., for libelant.
Bogle, Merritt & Bogle, of Seattle, Wash., for respondents.

NETERER, District Judge. This is a proceeding in admiralty to recover indemnity for injury sustained on board ship. Prayer is that the amount be determined, the steamship sold to satisfy the decree; that the judgment be certified for payment as provided by section 8 of the act of Congress approved March 9, 1920 (41 Stat. 527).

The respondents except to the libel and ask that it be stricken, or, in the alternative, all allegations as a basis for indemnity be stricken, on the ground that the libel fails to show that the steamship was unseaworthy, and for the reason that allegations are insufficient to create a claim or cause of action in admiralty, "because the respondents are not liable on account of negligence of the master, officers, or seamen of said steamship."

[1] The rule is that the vessel and her owner are liable for indemnity for injuries received by seamen in consequence of unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760. The Supreme Court in Chelentis v. Luckenbach, 247 U. S. 372, at page 381, 38 Sup. Ct. 501, at page 503 (62 L. Ed. 1171), said:

"After reference to article 1, § 8, and article 3, § 2, of the Constitution, we declared in Southern Pacific Co. v. Jensen Co., 244 U. S. 205, 215, 216: 'Considering our former opinions, it must now be accepted as settled doctrine that in consequence of these provisions Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country. * * *' "

[2] The court in The Moses Taylor, 4 Wall. 431, 18 L. Ed. 397, distinguished between a remedy at common law, and a common-law remedy. Prior to enactment of section 33 of the American Merchant Marine Act (41 Stat. 1007), an action at law by an injured seaman did not change his right, which was governed by the maritime law. Hanrahan v. Pac. T. Co. (C. C. A.) 262 Fed. 951. The impotency of admiralty to give remedies afforded by the common law is recognized by the Congress, and this no doubt inspired section 33 of the American Merchant Marine Act, which provides:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common- law right or remedy in cases of personal injury to railway employees shall apply. * * *"

This section creates a new right, a right at law. The right in admiralty precludes indemnity, and is limited to maintenance, wages, and cure, except for unseaworthiness (The Osceola, supra; Hanrahan v. Pac. T. Co., supra), and the right at law places the seaman in the same relation as a railway employee engaged in interstate commerce. These rights and remedies may not be commingled, but must be asserted in the forum having jurisdiction under the Constitution and acts of Congress. Article 3, § 2, of the Constitution:

"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States * * * to all cases of admiralty and maritime jurisdiction. * * * "

Article 1, § 8, confers on the Congress power "to make all laws which shall be necessary and proper for carrying into execution the foregoing power. * * * "

The libelant was engaged in transportation between the states, or state and foreign states, and Congress may provide needful regulations over such employment. Southern Pac. v. Jensen, 244 U. S. 205, at page 217, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. The employment of libelant was maritime; the right and liability of the parties in connection therewith were matters clearly within the admiralty jurisdiction, but at his election, by the provisions of section 33, supra, he may maintain an action at law, "with the right of trial by jury," and have the benefit of all provisions of the common law in cases of personal injury to railway employees.

The Constitution provides a forum at law, in equity, and admiralty; each is distinct, and whenever a new right is created by an act of Congress the forum must be determined by the essential character of the facts. Van Norden v. Morton, 99 U. S. 378, 25 L. Ed. 453. Admiralty and common-law jurisdiction is therefore distinct, and the remedies afforded in admiralty and at common law may not be blended together in one suit. What was said by Mr. Justice Davis, for the court, in Thompson v. Ry. Co., 73 U. S. (6 Wall.) 134, at page 137 (18 L. Ed. 765), with relation to remedies at law and in equity is pertinent here:

"The Constitution of the United States and the acts of Congress recognized and established the distinction between law and equity. The remedies in the courts of the United States are * * * according to the principles of common law and equity. * * * "

Chief Justice Fuller, in New Orleans v. Construction Co., 129 U. S. 45, at page 46, 9 Sup. Ct. 223, 32 L. Ed. 607, said:

"The rule is thoroughly settled that remedies in the courts of the United States are in common law or in equity, according to the essential character of the case."

This in substance is repeated in Gormley v. Clark, 134 U. S. 338, at page 348, 10 Sup. Ct. 554, 33 L. Ed. 909. The issue in the two foregoing cases was law and equity, while here it is law and admiralty. The jurisdiction of the court is limited to the forum established, and where the jurisdiction fails the question may be raised at any time; if not by the parties then by the court itself. Perez v. Fernandez, 202 U. S. 80 at page 100, 26 Sup. Ct. 561, 50 L. Ed. 942. Section 33, supra, created a right and fixed the forum in which it may be asserted, and extended to it certain common-law rights and remedies.

[3] While there may be no federal common law separate from the common law existing in the several states, the principles of the common law are operative so far as they have national application, except as modified by congressional enactment. Western Union T. Co. v. Call Pub. Co., 181 U. S. 92, 21 Sup. Ct. 561, 45 L. Ed. 765. In

Kansas v. Colorado, 206 U. S. 46, at page 96, 27 Sup. Ct. 655, at page 667 (51 L. Ed. 956). Justice Brewer for the court, said:

"There is no body of federal common law separate and distinct from the common law existing in the several states in the sense that there is a body of statute law enacted by Congress separate and distinct from the body of statute law enacted by the several states. But it is an entirely different thing to hold that there is no common law in force generally throughout the United States."

In an action at law to recover indemnity for personal injury the issue will be determined according to the principles of the common law, by reference to all authorities. B. & O. Ry. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772.

The claimed indemnity for injury is predicated upon unseaworthiness of the ship, and negligence of the master and officers, and the libelant may not be required to elect between claim for indemnity and maintenance, wages, and cure; that will be determined by the proof. John A. Roebling's Sons of New York v. Erickson (C. C. A.) 261 Fed. 986. Sufficient facts are stated, I think, to place the parties upon proof on the question of unseaworthiness.

Exceptions are denied.