**BRYAN v. FUMIO ARAI.**

No. 7004.

Circuit Court of Appeals, Ninth Circuit.

May 3, 1933.

Sanford B. D. Wood, U. S. Atty., and John Albert Matthewman, First Asst. U. S. Atty., both of Honolulu, Hawaii, and I. M. Peckham, U. S. Atty., and R. B. McMillan, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration Service, of San Francisco, Cal., on the brief), for appellant.

Frank E. Thompson and M. K. Ashford, both of Honolulu, Hawaii, and Grant H. Smith, of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

A majority of the Board of Special Inquiry voted to admit appellee; on a dissenting member's appeal to the Secretary of Labor, taken under Act of February 5, 1917, c. 29, § 17, 39 Stat. 887, U. S. C. title 8, § 153 (8 USCA § 153), appellee was ordered excluded.

In the District Court, on the hearing pursuant to an order to show cause why the writ of habeas corpus should not issue, appellee was ordered discharged from the custody of the immigration authorities. On this appeal, an interesting question is presented as to the scope of the reviewing power of the Secretary of Labor in the above stated circumstances. We are, however, precluded from considering any question on the merits of the controversy, because we must sustain appellee's motion to dismiss the appeal.

Appellee's contention, in which we concur, is that since the petition for allowance of appeal was presented and the appeal perfected, not within the ten days provided by rule 126 of the Hawaiian court [1] but one day short of ninety days after the decision and entry of the order thereon, this court cannot entertain the appeal.

[1] "The transcript of the petition, writ of habeas corpus, return thereto, pleadings, motions, evidence and proceedings and orders therein shall be presented for allowance and the appeal perfected within ten days after the final decision is rendered."

1. Appellant argues that the rule is no longer valid and therefore of no effect here, because the Act of February 13, 1925, c. 229, § 8 (c),[2] by implication, though not expressly, repealed Rev. St. § 765,[3] under which the rule was made; that, consequently, the three-month period of the later statute now governs. In our judgment, however, this general statute did not affect the earlier statutory provisions for appeals in habeas corpus. Inasmuch as the provisions of Rev. St. § 765 (28 USCA § 464) are specially designed with reference to the character of habeas corpus (see Roberts v. Reilly, 116 U. S. 80, 92, 6 S. Ct. 291, 29 L. Ed. 544 [1885]), an intent to repeal this section cannot fairly be imputed to Congress.

"Implied repeals are not favored, and if effect can reasonably be given to both statutes the presumption is that the earlier is intended to remain in force." United States v. Burroughs, 53 S. Ct. 574, 577, 77 L. Ed. ——, April 10, 1933.

Appellant also urges that even if Rev. St. § 765 is still effective, fairly interpreted, it does not authorize rules limiting the time for appeal. In view of the opinion in Roberts v. Reilly, supra, at pages 92, 93 of 116 U. S., 6 S. Ct. 291, we deem this contention without merit.

2. As the court had deliberately, by the rule, fixed the time for taking an appeal, the "judge hearing the cause" was without power, after the ten days, to allow an appeal. And the fact that he did thereafter sign the order of allowance, evidently inadvertently and without intention to abrogate the rule, cannot in any event be deemed an attempt to exercise the statutory power of prescribing the terms of an appeal.

3. The first order allowing the appeal and the issuance of the citation perfected the appeal inasmuch as no bond was required of this appellant; this court thereupon became vested with jurisdiction to determine whether or not the appeal was duly and legally allowed and perfected. Our conclusion that the appeal must be dismissed because taken too late, determines that we are without jurisdiction to consider on the merits the original final order of the District Court discharging appellee [Von Holt v. Carter, 56 F.(2d) 61 (C. C. A. 9, 1932)], and leaves that order in full force and effect.

4. The order, however, had a later history in the District Court. After the appeal had been perfected and after the term of court had passed, appellee moved the District Court to recall its order allowing the appeal and to dismiss the appeal. The court entered an order granting the motion as prayed for. Appellant thereupon petitioned for, was allowed and perfected a single appeal, both from this last order and from the original final order discharging appellee.

As that appeal was allowed more than three months after the original order of discharge, it must under all circumstances, be dismissed in so far as it seeks a review of that order.

As an appeal from the order of the District Court recalling the allowance of an appeal and dismissing that appeal, it will likewise be dismissed, because, regardless of whether or not the District Court had jurisdiction to consider the motion after the appeal to this court, though allowed too late, had been perfected, cf. Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121 (1880); Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025 (1881); see too Rothschild & Co. v. Marshall, 51 F. (2d) 897, 900 (C. C. A. 9, 1931); Union Guardian Trust Co. v. Jastromb, 47 F.(2d) 689 (C. C. A. 6, 1931); Levinson v. United States, 32 F.(2d) 449 (C. C. A. 6, 1929), the order left the original order of discharge in full effect. This result follows too from our dismissal of the original appeal. That original order would in no way be affected whether we reversed or affirmed the later order of the District Court. The appeal therefrom thus calls for no determination.

Appeals dismissed.

---

[2] 43 Stat. 940, U. S. C. title 28, § 230 (28 USCA § 230).

[3] The appeals [in habeas corpus proceedings] " * * * shall be taken on such terms, and under such regulations and orders, as well for the custody and appearance of the person alleged to be in prison or confined or restrained of his liberty, as for sending up to the appellate tribunal a transcript of the petition, writ of habeas corpus, return thereto, and other proceedings, as may be prescribed by the Supreme Court, or, in default thereof, by the court or judge hearing the cause." (U. S. C., title 28, § 464 [28 USCA § 464]).