Richard Cissel, Plaintiff, *v.* C. H. Sprague & Son, Inc., Defendant.

Supreme Court, Richmond County, April 20, 1934.

*George J. Engleman,* for the plaintiff.

*Barry, Wainwright, Thacher & Symmers,* for the defendant.

CONWAY, J.   Plaintiff complains that while employed heretofore as a water tender on board the steamship *Capillo* he sustained personal injuries due to the alleged failure by the defendant to provide (1) a safe ladder and to keep the same in a proper state of repair; and (2) for a failure by defendant and its agents and servants properly to inspect the same.

Defendant moves herein to compel plaintiff to elect whether he is presently proceeding under section 33 of the Merchant Marine Act, commonly known as the Jones Act (U. S. Code, tit. 46, § 688), or whether his rights are to be determined under the general maritime law.

It is defendant's theory that a seaman injured during the course of his employment must elect to sue either under the Jones Act for injuries caused by negligence or under the general maritime law for injuries occasioned by the unseaworthy condition of the vessel; that the two foregoing remedies are inconsistent; and that a choice must be made.

The difficulty with defendant's position, however, is that it is apparent under the allegations of the complaint that plaintiff has manifested his election to proceed under the Jones Act. This is true since he has indicated his intention to rely upon the statute by reciting the provisions thereof in paragraph tenth of the complaint. Even had plaintiff failed, however, to indicate his intention to proceed under the Jones Act, he would be entitled, nevertheless, to its provisions if the facts, as pleaded, indicated the right thereto. (See *Kuhlman* v. *Fletcher Co.*, [C. C. A.] 20 F. [2d] 465, 467.)

It is contended, however, that it is immaterial that the complaint alleges that plaintiff is proceeding under the Jones Act, since " it is well settled that whether plaintiff has made an election is not determined by these gestures but by the allegations of the pleading."

It is further argued, in substance, that the claims upon which plaintiff has predicated his right to recover, the first based on the existence of defective appliances, and the second upon negligence of the master or crew, are inconsistent and cannot be joined in an action under the Jones Act. Therefore, it is defendant's view that plaintiff should be required to choose whether he will proceed to trial on the theory of negligence or on the theory of unseaworthiness.

I do not agree with this contention.

Formerly, in accordance with the principles of the general maritime law, a seaman injured in the service of the ship on navigable waters was entitled to indemnity from the ship or her owner if the injuries were the result of her unseaworthiness. Under that law, however, there was no recovery for injuries sustained in consequence of the negligence of the master or any member of the crew. In such latter event he was entitled only to maintenance and cure and to his wages throughout the remainder of the voyage. (*The Osceola*, 189 U. S. 158; 23 S. Ct. 483; 47 L. Ed. 760; *Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372; 38 S. Ct. 501; 62 L. Ed. 1171.) If the seaman proved, upon trial, that the particular appliance which caused his injury was unseaworthy, he was entitled to indemnity without regard to the question of negligence. (*Carlisle Packing Co.* v. *Sandanger*, 259 U. S. 255, at p. 259; 42 S. Ct. 475; 66 L. Ed. 927; *Engel* v. *Davenport*, 271 U. S. 33, at p. 36; 46 S. Ct. 410; 70 L. Ed. 813.)

" Seaworthiness," however, is regarded as a relative term; a vessel may have that quality in port and yet be wholly unfit for rough water. (*M'Lanahan* v. *Universal Ins. Co.*, 1 Pet. 170; 7 L. Ed. 98.) Thus, a seaman was not entitled to recover under the general maritime law if, for instance, he had sustained an injury due to a defective appliance upon a vessel lying alongside a wharf. (*Hanrahan* v. *Pacific Transport Co.*, [C. C. A.] 262 F. 951.) Further,

whether or not a vessel is seaworthy is to be tested with reference to conditions as they existed as of the time when the voyage commenced. (*Zinnel* v. *United States Shipping Board E. F. Corporation*, [C. C. A.] 10 F. [2d] 47.)

The Jones Act brings new remedies to the injured seaman without destroying those theretofore present under the former system. Under the act he may recover damages from the employer, but he cannot proceed *in rem* against the vessel. (*Plamals* v. *The Pinar Del Rio*, 277 U. S. 151, 156; 48 S. Ct. 457; 72 L. Ed. 827.) His rights have been extended by virtue of the statute, however, ·so that he may sue not only for injuries due to defective equipment but for injuries due to the negligence of one in authority over him or to any defective condition of the vessel. (*Pacific S. S. Co.* v. *Peterson*, 278 U. S. 130; 49 S. Ct. 75; 73 L. Ed. 220; *Engel* v. *Davenport, supra; Stevens* v. *O'Brien*, [C. C. A.] 62 F. [2d] 632.)

The injured seaman is given an election to proceed for an enforcement of the remedy available either under the old rules of the general maritime law or under the new rules afforded by the Jones Act. (*Panama R. Co.* v. *Johnson*, 264 U. S. 375, 388; 44 S. Ct. 391; 68 L. Ed. 748; *Engel* v. *Davenport, supra; Pacific S. S. Co.* v. *Peterson, supra.*)

It is the foregoing requirement that an "election" be made which has erroneously prompted the present motion.

The complaint reads as follows:

"*Sixth.* Upon information and belief, that it was the duty of the defendant to provide Plaintiff with a seaworthy and safe vessel and appliances, and to keep the same in a safe condition; to furnish him with reasonably safe and seaworthy tools and appliances and to keep the same in a proper state of repair; to furnish Plaintiff with a sufficient number of competent co-employees and superior officers; to promulgate and enforce proper and safe rules for the safe conduct of said work, and to warn Plaintiff of the dangers arising and to be encountered therein.

·. "*Seventh.* That by reason of the negligent failure of the defendant, its agents, servants and employees and each of them to perform the foregoing duties and each of them, on or about the 15th day of June, 1933, while Plaintiff was engaged in the course of his duties on board said steamship *Capillo*, and without any fault on his part, he was caused to be precipitated and thrown from a ladder running from the after well-deck to the midship-deck of the said ·vessel, to the said well-deck and thereby sustained severe, painful and serious personal injuries of a permanent nature and became sick, sore and permanently disabled.

" *Eighth*. That the said injuries were directly caused through the negligence of the defendant, its agents, servants and employees, in failing to provide Plaintiff with a safe place to work, and allowing and compelling Plaintiff to work under dangerous conditions and to use dangerous equipment and appliances, particularly on a ladder leading from the after well-deck to the midship-deck of the said steamship *Capillo*, the said ladder being in a dangerous, defective and unsafe condition, improperly constructed and maintained and allowed to become and remain covered with grease and oil; Defendant, its agents, servants and employees were further negligent in that they failed to make proper inspection of the said ladder, failed to keep said ladder in a proper and safe condition, failed to remedy the dangerous defects in the said ladder, and failed to warn the Plaintiff of the said danger, negligently allowed the Plaintiff to work and live aboard the said steamship under said conditions and failed to take the customary steps to protect his person."

It is my view that the complaint sufficiently indicates that the cause of action charges basically a negligent breach of duty with respect to the appliances in question. If it is plaintiff's theory, as would seem to be indicated by the above allegations of the complaint, that the unseaworthy condition of the appliance was the result of defendant's negligence, such negligence to be affirmatively shown by plaintiff upon the trial of the action, then the situation comes within contemplation of the Jones Act. It will be noted that the latter act carries by reference the provisions of the Federal Employers Liability Act (U. S. Code, tit. 45, §§ 51–59), relating to negligence and assumption of risk when an action at law is resorted to. Consequently, the construction placed by the courts upon the Federal Employers Liability Act is oftentimes of binding application in considering the effect of the Jones Act. In *Delaware, L. & W. R. Co.* v. *Koske* (279 U. S. 7, 10; 49 S. Ct. 202, 203; 73 L. Ed. 578) the court points out: " The Federal Employers Liability Act permits recovery upon the basis of negligence *only*. The carrier is not liable to its employees because of any defect or insufficiency in plant or equipment that is not attributable to negligence. The burden was on plaintiff to adduce reasonable evidence to show a breach of duty owed by defendant to him in respect of the place where he was injured and that in whole or in part his injuries resulted proximately therefrom."

Thus, if the gravamen of plaintiff's case sounds in negligence, and not for mere unseaworthiness " without regard to negligence," the Jones Act affords a remedy.

In the *Engel Case* (*supra*) a situation analogous to the present was disclosed. There the complaint alleged, in substance, that the

vessel had been negligently sent upon her voyage when unseaworthy and equipped with defective appliances, in that a certain pelican hook had in it a flaw observable upon ordinary inspection; that this hook was not inspected; and that it broke by reason of such flaw. The defendant demurred upon the ground that the facts as alleged did not bring the case within the Jones Act. In this contention he was sustained by the lower courts. On appeal, however, to the United States Supreme Court the defendant's contention was rejected and the conclusion reached below reversed. The court stated, in part (at p. 36 of 271 U. S.; 46 S. Ct. 410, 412): " We think the suit is to be regarded as one founded on that Act, in which the petitioner, instead of invoking, as he might, the relief accorded him by the old maritime rules, has elected to seek that provided by the new rules in an action at law based upon negligence — in which he not only assumes the burden of proving negligence, but also, under section 3 of the Federal Employers Liability Act [U. S. Code, tit. 45, § 53], subjects himself to a reduction of the damages in proportion to any contributory negligence on his part."

The fact that plaintiff relies upon two different acts of negligence, one, the lack of due care by fellow-servants in the proper performance of their duties, and the other, the owner's failure to provide safe and proper equipment, is not a circumstance which requires an election on the part of the seaman. There can be but one recovery for the injuries sustained irrespective of whether recovery is predicated upon an ultimate finding that the appliance itself was unsafe or that the members of the crew were negligent in their maintenance of it. In considering a like situation, within the provisions of the Jones Act, the United States Supreme Court has stated in *Baltimore S. S. Co.* v. *Phillips* (274 U. S. 316, at p. 321; 47 S. Ct. 600, 602; 71 L. Ed. 1069): " A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. ' The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. " The *thing*, therefore, which in contemplation of law as its cause, becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.*" ' "

In consequence it is not required that an election be made between two sets of facts, each of which seeks an identical remedy. The election, on the contrary, is between remedies; it is a choice which the suitor is given between proceeding to a recovery either under the limited rules of the general maritime law or under the Jones Act which must be liberally construed in aid of its beneficent purpose to give protection to seamen and to those dependent on their earnings. (*Jamison* v. *Encarnacion*, 281 U. S. 635; 50 S. Ct. 440; 74 L. Ed. 1082, and *Cortes* v. *Baltimore Insular Line*, 287 U. S. 367; 53 S. Ct. 173; 77 L. Ed. 368.)

Nothing decided in *Pacific S. S. Co.* v. *Peterson* (*supra*) and *Lindgren* v. *United States* (281 U. S. 38; 50 S. Ct. 207; 74 L. Ed. 686), relied upon by defendant, is contrary to the foregoing determination. On the other hand, those cases are authoritative for the disposition here to be made.

In the *Pacific S. S. Co.* case the court stated (at p. 138 of 278 U. S.; 49 S. Ct. 75, 77): " The right to recover compensatory damages under the new rule for injuries caused by negligence is, however, an alternative of the right to recover indemnity under the old rules on the ground that the injuries were occasioned by unseaworthiness; and it is between these two inconsistent remedies for an injury, both grounded on tort, that we think an election is to be made under the maritime law as modified by the statute. Unseaworthiness, as is well understood, embraces certain species of negligence; while the statute includes several additional species not embraced in that term."

It is to be noted in the foregoing that the court specifically points out that the election to be made is one of *remedies*. That the election was not required as between two sets of facts is entirely supported by the following significant observation in the foregoing case: " But, whether or not the seaman's injuries were occasioned by the unseaworthiness of the vessel or by the negligence of the master or members of the crew, or both combined, there is but a single wrongful invasion of his primary right of bodily safety and but a single legal wrong, *Baltimore S. S. Co.* v. *Phillips, supra*, 321 [274 U. S. 316; 47 S. Ct. 600], for which he is entitled to but one indemnity by way of compensatory damages."

In the *Lindgren* case the court pointed out (at p. 47 of 281 U. S.; 50 S. Ct. 207, 211) that the seaman was given " an election between the right under the new rule to recover compensatory damages for injuries caused by negligence, and the right under the old rules to recover indemnity for injuries occasioned by unseaworthiness "

Plaintiff here, however, is not seeking, to the extent permitted by the old rules of maritime law, to be indemnified for the injury *ipso*

*facto* upon a mere showing of unseaworthiness " without regard to negligence." (*Engel* v. *Davenport, supra.*) On the other hand, he is seeking to recover under the new rules upon a showing that the actual *negligence* of the defendant, whether upon one state of facts or the other, has occasioned the injury in question.

Defendant further relies upon *Keefe* v. *Matson Nav. Co.* ([D. C.] 46 F. [2d] 123); *The James E. Ferris* ([D. C.] 1 F. Supp. 1018); *The Birkenhead* ([D. C.] 51 F. [2d] 116); and *Skolar* v. *Lehigh Valley R. Co.* ([C. C. A.] 60 id. 893).

In the *Keefe* case it was held that the Jones Act was not available to plaintiff since the action was predicated only upon the claim of " unseaworthiness " and not, as in the present case, upon allegations of negligence. The *James E. Ferris* and *Birkenhead* decisions are inapplicable here since each was an action *in rem* and not, as here disclosed, an action *in personam*. Of course, it has repeatedly been held that section 33 of the Jones Act has no application in actions brought *in rem*. (*Plamals* v. *The Pinar Del Rio, supra.*) After due consideration of the determination reached in the *Skolar* case, and with much respect, I am unable to reconcile the conclusion therein made with the lucid statement of principle enunciated by the United States Supreme Court in the *Baltimore S. S. Co.* case, as pointed out above, to the effect that " the number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong." It is my view that if the plaintiff establishes affirmatively that the unseaworthy condition was itself the result of defendant's negligence the case falls within the statute, for, as further stated in the *Baltimore* case, " the mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. ' The facts are merely the means, and not the end.' "

In view of the fact that the allegations of the complaint indicate that the action sounds in *negligence*, even though possibly upon two different grounds, I agree with the conclusion reached by the court upon substantially identical facts in *Slaney* v. *Cromwell* ([D. C.] 38 F. [2d] 304) in denying the present motion to compel an election. The instant ruling in this respect, however, is not to be deemed as limiting the court upon trial, in the exercise of its discretion, to compel an election between the remedy given by the Jones Act and that given by the general maritime law, if the state of proof indicates that plaintiff is seeking to recover not alone for negligence, but also for the existence of an unseaworthy condition " without regard to negligence."