## DANG NAM v. BRYAN.
### No. 7302.

Circuit Court of Appeals, Ninth Circuit.
July 8, 1935.

For former opinion, see 74 F.(2d) 379.

E. J. Botts, of Honolulu, T. H. (Herbert Chamberlin, of San Francisco, Cal., of counsel), for appellant.

Ingram M. Stainback, U. S. Atty., and Willson C. Moore, Asst. U. S. Atty., and Ernest J. Hover, U. S. Dept. of Labor, all of Honolulu, T. H., for appellee.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

After the decision in this case (C. C. A.) 74 F.(2d) 379, the appellee calls our attention, by way of petition for rehearing, to our lack of jurisdiction of appeal based upon our decision in Bryan v. Fumio Arai (C. C. A.) 64 F.(2d) 954, holding that the time fixed by rule of the District Court in Hawaii controlled the time and method of appeal; that this rule required the petition for appeal to be filed within ten days of the decision; and that the record in the case at bar showed that this appeal is taken after that time. In the petition for rehearing the appellee moved to dismiss the appeal for the reason stated. Opportunity was given to the appellant to reply to this petition and he has done so by claiming that we cannot take judicial notice of the rules of the District Court of the United States for the Territory of Hawaii, and therefore we cannot know that the appeal was taken too late. It may be assumed that we will not take judicial notice of the rules of the lower court for many purposes. See Washington, A. & G. Steam Packet Co. v. Sickels, 19 Wall. (86 U. S.) 611, 615, 22 L. Ed. 203. This does not solve the problem presented by the record for the reason the burden is upon the appellant to show jurisdiction in the appellate court. See Semple v. Hager, 4 Wall. (71 U. S.) 431, 18 L. Ed. 402; see cases cited 3 Cent. Dig., col. 58 (Appeal and Error), § 2314. Consequently, in the absence of a showing by the appellant that he brought his appeal within the time fixed by the rule of court, he has failed to show jurisdiction in this court. Notwithstanding the failure of the appellant to show jurisdiction in this court by reason of the failure to incorporate the rule of court in the record, we have required the clerk of that court to send up a certified copy of the rules of court. Not only do the rules so certified show the rule printed in the footnote to our decision in Bryan v. Fumio Arai, supra, but also show that the appeal must be taken by notice of appeal given before the judge in open court at the time the decisions are made (see footnote).[1] This rule requiring that notice be given at the time of the decision was not called to our attention in Bryan v. Fumio Arai, supra, and it was there assumed that the appeal was to be taken on or before the time the record was required to be presented, that is, within ten days.

The appeal is dismissed.

---

[1] Rule 124. Appeals from the final decisions of the court or judge upon an application of a writ of habeas corpus in the cases provided by statute may be taken to the Circuit Court of Appeals for the Ninth Judicial Circuit, notice of which appeals shall be given before the judge in open court at the time decisions are made.